Thomas H. Herndon, Jr., Esq. (TH-9726)
BROOKS, BERNE & HERNDON PLLC
*Attorneys for Defendants*
*Alan J. Hanke and IOLO Global LLC*
570 Taxter Road, Suite 550
Elmsford, New York 10523
Telephone No.: (914) 364-2691
Facsimile No.: (929) 285-3300
Email: thomas.herndon@lawbbh.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────── X

MOHAMMED THANI A.T. AL THANI,

    Plaintiff,

-against-

ALAN J. HANKE, IOLO GLOBAL LLC,
AND JOHN DOES 1-100,

    Defendants.

───────────────────────────────── X

Case No.: 20-cv-4765 (VEC)

AFFIDAVIT
OF ALAN J. HANKE

STATE OF ILLINOIS    )
                            )ss:
COUNTY OF MCHENRY)

    Alan J. Hanke, being duly sworn, deposes and states the following:

    1.    I am one of the named defendants (principal place of residence located at 4121 Wyndwood Drive, Crystal Lake, Illinois 60014) as well as the managing member of defendant, IOLO Global LLC ("IOLO"), a domestic limited liability company organized and existing under the laws of the State of Wyoming and having its principal place of business at 1712 Pioneer Avenue, Suite 500, Cheyenne, WY 82001. **(A copy of my driver's license and documents maintained on the State of Wyoming, Secretary of**

State's Business Division's website are annexed hereto as Hanke Exhibits "A" and "B"). Unless stated otherwise herein, I am fully familiar with facts and circumstances stated herein.

2. I submit this affidavit in support of that portion of our motion to dismiss this action for lack of personal jurisdiction.

**None of the Parties Have Connections to the State of New York**

3. IOLO is incorporated in the State of Wyoming, maintains its principal place of business in the State of Wyoming, engages in the business of providing, among other things, financing, funding, and investments to individuals and/or entities in private transactions, and has not transacted business in the State of New York and/or committed a tort in New York to serve as a basis for personal jurisdiction over it.

4. Neither I nor IOLO maintain an office, bank account(s), real or personal property, and/or phone listing(s) in the State of New York and we do not engage in any promotion, advertising or public relations in the State of New York. Nor do we derive any revenue in this State. In fact, IOLO does not maintain a digital footprint/social media accounts, *e.g.*, it does not maintain a company website, Facebook account, LinkedIn account, and/or a Twitter account. While I do maintain a personal Facebook account and Twitter account, I do not market IOLO's services on those accounts and, in fact, my Facebook account clearly states, among other things, that I reside in Crystal Lake, Illinois.

5. Upon information and belief, Plaintiff's connections with this State fairs no better. He is a citizen of Qatar who, at all relevant times, resides in Doha, Qatar. (Cplt. at ¶5). Also, upon information and belief, Plaintiff is a member of the royal family

of Qatar and engaged in an arms-length transaction with IOLO whereby he represented, within the documents that he now seeks to enforce, that he was a sophisticated investor. To the extent that he now claims that I or my company took advantage and/or duped him, is disingenuous.

**The Underlying Transaction, Forum Selection/Choice of
Law Clause – Naming Wyoming as the State to Adjudicate
Disputes Between the Parties, And Two Fortuitous Meetings in New York State**

6. On March 7, 2019 and July 29, 2019, respectively, Plaintiff and IOLO negotiated and entered in the Management and Deposit Agreements whereby Plaintiff agreed to deposit, and IOLO agreed to place, such monies in an "enhanced transaction" to produce desired funding. (**A copy of the MDAs is annexed as Hanke Exhibit "C"**). At all relevant times, the negotiations occurred *via* email and over the telephone and the ultimate signing of the MDAs occurred, *via* email, with neither of us located anywhere remotely close to the State of New York. We also negotiated the terms of how disputes were to be resolved between us should a disagreement arise, *e.g.*, we agreed Wyoming law governed, that Wyoming was the proper place to bring any disputes, and that all notices under the agreements were to be provided to me at my Wyoming address and to Plaintiff at his Qatar address. (*See Id.*)

7. There were several other ancillary documents, *e.g.*, various addendums, deposit slips, escrow agreements, and other such documents (roughly executed/delivered between March 2019 through August 2019), but not a single-one authorized either of us to bring suit in the State of New York. Again, we, for the most part, negotiated the terms of these ancillary documents *via* email/telephone. In fact, not even a penny of the alleged

deposits by Plaintiff were ever deposited from Plaintiff's bank account to a bank account maintained in the State of New York.

8. To address Plaintiff's purported justification for bring this action in New York, I did attend three (3) fortuitous meetings in the State of New York. One meeting occurred on January 16, 2019, prior to the execution of the MDAs, and was between Sam Miginnis, a broker, and myself. Sam is not an advisor, but rather is a broker who was working on both sides of the coin and was merely making an introduction. That's it. I did not meet the Plaintiff on this occasion. The other meeting occurred on October 28, 2019, whereby I did meet the Plaintiff and he did execute an amendment to one of our subsequent agreements. Upon information and belief, he was passing through on vacation. The other meeting occurred on February 11, 2020, after the MDAs and ancillary documents, and was between me and Sam Miginnis and Steve Papi concerning the MDA. I may have been in the State of New York, a couple more times (two or so), to meet with Sam or Steve.

9. Neither IOLO nor I have met with anyone else in the State of New York regarding this transaction and/or subsequent dispute. We did not have an on-going relationship with the State of New York. Rather, these were chance meetings or meetings merely out of convenience of the parties and nothing more. Nor, upon information and belief, is any significant discoverable information located in the State of New York and this State does not have an interest or nexus to the underlying transaction among the interested parties.

                                            ALAN J. HANKE

Sworn to before me
this 26th day of August 2020

_____
Notary Public

Official Seal
Donna Joanne Barry
Notary Public State of Illinois
My Commission Expires 05/06/2023