# ESCROW AGREEMENT

THIS ESCROW AGREEMENT (the "Agreement") is entered into on 30 July 2019, (the "Effective Date") by and among;

**MOHAMMAD THANI A.T. AL-THANI, Zone 66, Street No 745 Building No. 04, Doha, Qatar 18770** ("Depositor");

**IOLO GLOBAL, LLC, 1712 Pioneer Avenue, Suite 500, Cheyenne, WY 82001** ("Beneficiary"); and

**S. MILLS ROGERS III, P.O. BOX 680444, MARIETTA, GA 30068**, as escrow agent (the "Escrow Agent");

collectively referred to as "The Parties."

WITNESSETH

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants set forth in this Escrow Agreement (the "Agreement"), the Parties agree as follows:

1. APPOINTMENT. Depositor and Beneficiary appoint Escrow Agent as their escrow agent for the purposes set forth in this Agreement, and the Escrow Agent accepts such appointment under the terms and conditions set forth herein.

2. ESCROW DEPOSIT. Depositor will deposit into Escrow Agent's IOLTA account THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00) (the "Escrow Deposit"), and the Escrow Agent shall hold and distribute the Escrow Deposit as directed in Schedule 1 ("Schedule 1"), subject to the terms and conditions hereof, or as directed in writing by both the Depositor and the Beneficiary. The Escrow Deposit shall at all times remain available for distribution in accordance with this Agreement.

3. DISTRIBUTIONS FROM ESCROW. The Escrow Agent shall not make any distribution from the Escrow Account unless (a) such distribution is in accordance with Schedule 1, or (b) the Escrow Agent is instructed to do so pursuant to the written instructions of the Depositor and the Beneficiary, or (c) otherwise provided for herein.

4. ESCROW AGENT. The Escrow Agent undertakes to perform only such duties as are expressly set forth herein and no duties shall be implied. The Escrow Agent shall have no liability under and no duty to inquire as to the provisions of any agreement other than this Escrow Agreement. The Escrow Agent may rely upon and shall not be liable for acting upon any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented to Escrow Agent by the Depositor and the Beneficiary. The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy, or content of any such document. The Escrow Agent shall have no duty to solicit any payments which may be due it or the Escrow Deposit. The Escrow Agent shall not be liable for any action taken or omitted by it in good faith except to the extent that a court of competent jurisdiction determines that the Escrow Agent's bad faith, gross negligence, or willful misconduct was the primary cause of any loss to the Depositor and Beneficiary. The Escrow Agent may execute any of its powers and perform any of its duties hereunder directly or through agents or attorneys (and shall be liable only for the careful selection of any such agent or attorney) and may consult with counsel, accountants and other skilled persons to be selected and retained by it. In the event that the Escrow Agent shall be uncertain as to its duties or rights hereunder or shall receive instructions, claims or demands from any Party hereto which, in its opinion, conflict with any of the provisions of this Escrow Agreement, it shall be entitled to refrain from taking any action and its sole obligation shall be to keep safely all property held in escrow until it shall be directed otherwise in writing by the Depositor and the Beneficiary or by a final

order or judgment of a court of competent jurisdiction. Anything in this Escrow Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for any incidental, indirect, special or consequential damages of any nature whatsoever (including but not limited to anticipated and/or lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

5. SUCCESSION. The Escrow Agent may resign and be discharged from its duties or obligations hereunder by giving thirty (30) days advance notice in writing of such resignation (the "Notice of Resignation") to the other Parties hereto specifying a date when such resignation shall take effect. The Beneficiary and Depositor shall appoint a successor escrow agent following receipt of the Notice of Resignation. If the Beneficiary and Depositor fail to timely make such an appointment, the Escrow Agent may, in its discretion, petition any court of competent jurisdiction for the appointment of a successor escrow agent or for other appropriate relief, and any such resulting appointment shall be binding upon all of the parties hereto. Escrow Agent's sole responsibility after submitting the Notice of Resignation or being removed by the Depositor and the Beneficiary shall be to hold the Escrow Deposit and to deliver the same to a designated substitute escrow agent, if any, or in accordance with the directions of a final order or judgment of a court of competent jurisdiction, at which time of delivery Escrow Agent's obligations hereunder shall cease and terminate, subject to the provisions of Section 7 (INDEMNITY) below.

6. COMPENSATION AND REIMBURSEMENT. The Beneficiary and Depositor agree to (a) pay the Escrow Agent all reasonable compensation for the services to be rendered hereunder, as set forth in Schedule 3 ("Schedule 3"), attached hereto ("compensation"), and (b) pay or reimburse the Escrow Agent for all expenses, disbursements and advances, including, other than as set forth in Section 7 (INDEMNITY) below, without limitation reasonable attorney's fees and expenses, incurred or made by it in connection with the performance, modification and termination of this Agreement ("reimbursement"). The Escrow Agent shall withhold and retain the compensation and reimbursement due to it under this Agreement, as set forth in Schedule 3, from the balance of the Escrow Deposit prior to releasing the balance of the Escrow Deposit to the Beneficiary or returning the Escrow Deposit to Depositor.

7. INDEMNITY. The Depositor and the Beneficiary shall jointly and severally indemnify, defend and save harmless the Escrow Agent and its directors, officers, agents and employees (the "indemnities") from all loss, liability or expense (including the reasonable attorney fees and expenses of in house or outside counsel) arising out of or in connection with (i) the Escrow Agent's execution and performance of this Escrow Agreement, except in the case of any indemnities to the extent that the primary cause of any loss, liability or expense is due to the bad faith, gross negligence, or willful misconduct of such indemnities, provided that however, any liability of Escrow Agent with respect to their respective obligations under this Agreement will be limited to the amount of the Escrow Deposit. The Escrow Agent shall not be liable for any incidental, indirect, special or consequential damages of any nature whatsoever (including but not limited to anticipated and/or lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action. The Parties hereto acknowledge that the foregoing indemnities shall survive the resignation or removal of the Escrow Agent or the termination of this Escrow Agreement.

8. LIMITATIONS. The Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement. The Escrow Agent shall have no liability except as expressly set forth in this Agreement or in connection with the performance of such duties as are expressly set forth herein. The Escrow Agent may consult with legal counsel (of its choice) regarding any of its duties or obligations hereunder. The Escrow Agent shall have no liability with respect to actions taken pursuant to the advice of legal counsel provided in good faith or in accordance with any written instructions received by it in accordance with the terms of this Agreement. The Escrow Agent's duties shall be determined only by reference to this Agreement and applicable laws.

9. DISPUTES. The Parties hereto agree that should any dispute arise with respect to the

payment, ownership or right of possession of the Escrow Deposit, the Escrow Agent is authorized and directed to retain in its possession, without liability to anyone, except for its bad faith, gross negligence, or willful misconduct, all or any part of the Escrow Deposit until such dispute shall have been settled either by mutual agreement of the Parties concerned and a joint, notarized written instruction notice from the Depositor and Beneficiary shall have been delivered to the Escrow Agent, or by an arbitrator's decision, judgment or order issued by a court of competent jurisdiction setting forth the resolution of the dispute. Any controversy or claim arising out of or relating to this Agreement to which Escrow Agent is a party shall be determined by an independent arbitrator of the Parties' choosing located in Cobb County, Georgia, United States of America, and in accordance with the provisions of the Commercial Arbitration Rules then in effect of the American Arbitration Association. If the Parties fail to mutually select an arbitrator, the arbitration will be conducted by three arbitrators: one selected by the Beneficiary, one by the Escrow Agent, and one by the Depositor, in Cobb County, Georgia, United States of America. This Agreement shall be governed by the laws of the State of Georgia without regard to the principles of conflicts of laws. If for any reason a dispute is not to be resolved by arbitration, as set forth above, any actions and proceedings arising out of or relating to this Agreement shall be heard and determined in the Circuit Court of Cobb County (state court) or the Northern District of Georgia (federal court), and the Parties hereto irrevocably submit to the jurisdiction of such courts and waive any defense of an inconvenient forum to the maintenance of any such action or proceeding.

10. **COMPLIANCE WITH COURT ORDERS.** If any funds held by the Escrow Agent hereunder are at any time attached, garnished or levied upon pursuant to any court order, or if the payment, assignment, transfer, conveyance or delivery of any such property shall be stayed or enjoined by any court or if any court of competent jurisdiction shall enter any judgment or decree affecting such property or any part thereof, the Escrow Agent is hereby authorized, in its sole discretion, to rely upon and comply with any such order, writ, judgment or decree which the Escrow Agent is advised by legal counsel (of its choice) is binding upon it. If the Escrow Agent complies with any such order, writ, judgment or decree in accordance with the terms hereof, the Escrow Agent shall have no liability to the Depositor or the Beneficiary or any other person, firm or corporation by reason of such compliance, even if such order, writ, judgment or decree is subsequently reversed, modified, annulled, set aside or vacated.

11. **NOTICES.** All communications hereunder shall be in writing and shall be deemed to be duly given after it has been received if it is sent or served:

    (i)    By facsimile;
    (ii)   By email
    (iii)  By overnight courier;
    (iv)  By personal delivery;
    (v)   Or by prepaid registered mail, return receipt requested.

to the appropriate notice address set forth below or at such other address as any party hereto may have furnished to the parties in writing by registered mail, return receipt requested:

If to Depositor:   **MOHAMMAD THANI A.T. AL-THANI**
TO DEPOSITOR:   Zone 66
Street No 745, Building No. 04
Doha, Qatar 18770
PHONE: +974.6666.5831
FACSIMILE: +974.4411.2925
EMAIL: mta.althani@gmail.com

If to Beneficiary:    **IOLO GLOBAL, LLC**
C/O Alan Hanke
1712 Pioneer Ave. Suite 500
Cheyenne, WY. 82001
PHONE: (815) 814 3879
FACISIMILE: (815) 893-0108
EMAIL: alanjhanke@sbcglobal.net

If to Escrow Agent:    **S. MILLS ROGERS III**
**ATTORNEY**
P. O. BOX 680444
MARIETTA, GA  30068
TELEPHONE: 404.316.7778
FACSIMILE:   770.579.9140
EMAIL: NORWAY11@BELLSOUTH.NET

12. SECURITY PROCEDURES. Any instructions setting forth, claiming, containing, objecting to, or in any way related to the transfer or distribution of any funds on deposit in any Escrow Deposit under the terms of this Agreement must be in writing, executed by the appropriate Party or Parties as evidenced by the signatures of the person or persons set forth on Schedule 2 and delivered to the Escrow Agent either (i) by confirmed facsimile only at the fax number set forth in Section 11 above or (ii) attached to an e-mail received on a Business Day from an e-mail address set forth in Section 11 above. In the event an instruction is delivered to the Escrow Agent the Escrow Agent may seek, and is authorized to seek, confirmation of such instruction by telephone call back to the person or persons designated in Schedule 2 annexed hereto (the "Call Back Authorized Individuals"), and the Escrow Agent may rely upon the confirmations of anyone purporting to be a Call Back Authorized Individual answering such a call. If the Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it will not execute the instruction until all such issues have been resolved. The persons and telephone numbers for call backs may be changed only in writing, executed by an authorized signer of applicable Party set forth on Schedule 2, actually received and acknowledged by the Escrow Agent.

13. ATTACHED SCHEDULES. The following schedules are attached to this Agreement and are incorporated herein and made a part of this Agreement:

**Schedule 1 –**    Escrow Deposit Instructions

**Schedule 2 –**    Telephone Number(s) and authorized signature(s) for Persons designated to give and confirm Funds Transfer Instruction

**Schedule 3 –**    Escrow Agent fees

**Schedule 4 –**    Wiring Instructions

14. FORCE MAJEURE. The Escrow Agent shall not be responsible or liable for any failure or delay in the performance of its obligation under this Agreement arising out of or caused, directly or indirectly, by circumstances beyond its reasonable control, including acts of God, earthquakes, fire, flood, wars, acts of terrorism, civil or military disturbances, sabotage, epidemic, riots, interruptions, loss or malfunctions of utilities, computer (hardware or software) or communication services, accidents, labor disputes, acts of civil or military authority or governmental action; it being understood that the Escrow Agent shall use commercially reasonable efforts to resume performance as soon as reasonably practicable under the circumstances.

15. MISCELLANEOUS. The provisions of this Agreement may be waived, altered, amended or supplemented, in whole or in part, only by a writing signed by the Escrow Agent, the Depositor, and Beneficiary. Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by the Escrow Agent, the Distributor, or the Beneficiary, except as provided in Section 5 (SUCCESSION).

IN WITNESS WHEREOF, the Parties hereto have executed this Escrow Agreement as of the effective date set forth herein.

BENEFICIARY: IOLO GLOBAL, LLC

By: _____
ALAN J. HANKE
MANAGING MEMBER

DEPOSITOR: MOHAMMAD THANI A.T. AL-THANI

By: _____
MOHAMMAD THANI A.T. AL-THANI

ESCROW AGENT: S. MILLS ROGERS III

By: _____ 8/1/19
S. MILLS ROGERS III
ATTORNEY

# Schedule 1
# ESCROW DEPOSIT INSTRUCTIONS

1.   Depositor has transferred funds to Escrow Agent's IOLTA Account, identified in Schedule 4, in the amount of THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00) (the "Escrow Deposit").

2.   Escrow Agent received the Escrow Deposit on August 02, 2019, by wire transfer.

3.   Depositor, Beneficiary, and Escrow Agent shall execute this Escrow Agreement.

4.   Beneficiary has provided Depositor with documentation ("Insurance Documents") setting forth the terms of an insurance policy (the "Insurance Policy") insuring the Escrow Deposit once transferred to Beneficiary in accordance with this Escrow Agreement.

5.   Upon Depositor's receiving verification of the authenticity of the live Insurance Policy from Beneficiary, Depositor will provide written notice (the "Release Notice") to Escrow Agent it has received verification of the authenticity of the live Insurance Policy from Beneficiary, and that Escrow Agent is authorized and instructed to release the Escrow Deposit to Beneficiary, less compensation due to Escrow Agent pursuant to Section 6 and Schedule 3, to the Beneficiary's account identified in Schedule 4, or as the Beneficiary may otherwise direct to Escrow Agent.

6.   To effectuate a disbursement pursuant to paragraph 6 of this Schedule 1, the Release Notice must be in substantially the same form as set forth in **Exhibit A** to this Schedule 1.

7.   In the event that after review and examination of the Insurance Documents, Depositor determines that the Insurance Documents are not acceptable, then Depositor will send written notifications to both Beneficiary and Escrow Agent, advising them of Depositor's non-acceptance of the Insurance Documents. Beneficiary shall then have the opportunity to confer with the issuer of the Insurance Policy to provide additional information, where needed, and/or to arrange for amended Insurance Documents to be generated and redistributed to the Depositor. If Depositor is then satisfied with the Insurance Documents, the parties shall again follow the procedures starting in paragraph 4 above.

8.   If Depositor and Beneficiary cannot come to an agreement as to the substance of the Insurance Documents, for any reason, then Depositor is entitled to have, upon written notice (the "Return Notice") to both Beneficiary and Escrow Agent, the Escrow Deposit returned to Depositor.

9.   To effectuate a return of the Escrow Deposit pursuant to paragraph 8 of this Schedule 1, the Return Notice must be in substantially the same form as set in **Exhibit B** to this Schedule 1. Upon receipt of the Return Notice, Escrow Agent shall return the Escrow Deposit, less compensation due to Escrow Agent pursuant to Section 6 and Schedule 3, to the Depositor within one (1) business day, without set-off, protest, restriction, or delay.

## SCHEDULE 1
## EXHIBIT A
### RELEASE NOTICE

To: **S. Mills Rogers III**
Attorney
P. O. Box 680444
Marietta, GA 30068

**IOLO GLOBAL, LLC**
c/o Alan Hanke
1712 Pioneer Ave., Suite 500
Cheyenne, WY 82001

The undersigned Depositor, **Mohammad Thani A.T. Al-Thani** ("Depositor"), hereby certifies to Escrow Agent, **S. Mills Rogers III** ("Escrow Agent"), with reference to that Escrow Agreement executed on July 30, 2019, by and between **Mohammad Thani A.T. Al-Thani, IOLO Global, LLC** and **S. Mills Rogers III**, as follows:

Depositor has received verification of the authenticity of the live Insurance Policy from Beneficiary.

Thus, in accordance with paragraphs 5 and 6 of Schedule 1 of the Escrow Agreement, Depositor hereby requests that the Escrow Deposit, less compensation due to Escrow Agent pursuant to Section 6 and Schedule 3 of the Escrow Agreement, be transferred by wire transfer to the account below or otherwise as the Beneficiary my direct by written notice in the form annexed:

| | |
|---|---|
| Paymaster | S. Mills Rogers III |
| Address | P. O. Box 680444, Marietta, GA 30068 |
| Paymaster Telephone | 404.316.7778 or 770.579.9140 |
| Bank | Bank of America |
| Bank Address | 4851 Lower Roswell Road, Marietta, GA 30068 |
| Account name | S. Mills Rogers III IOLTA Account |
| Account # | 0001 022 0■■■■ |
| Swift | BOFAUS3N |
| ACH R/T | 061000052 |
| Bank Officer | Mr. Eric Schmidt (or bank branch manager) |
| Special Instructions: | Same Day Transfer and Immediate Credit - CURRENCY: US Dollars<br><br>BENEFICIARY: IOLO GLOBAL, LLC<br><br>All Wire transfers shall incorporate below Text Message and a copy of Bank Wire Transfer slip shall be transmitted via fax, fax number 770.579.9140, for legal verification and documentation pursuant to Patriot Act/Banking regulations with One Original Contract copy to be filed with Bank |
| Required Instructions: | Text Message: The S.W.I.F.T. or Clear Stream text message covering all remittances shall clearly state the following: :"THE REMITTER IS KNOWN TO US. THIS IS DONE WITH FULL BANKING RESPONSIBILITY AND WE ARE SATISFIED AS TO THE SOURCE OF FUNDS SENT TO US." FOR SAME DAY SETTLEMENT. |

Depositor hereby certifies that the amount of this Release Notice plus the total of all previous Release Notices does not exceed the Escrow Deposit and agrees that if the amount of this Release Notice plus the total of all previous Release Notice and fees payable to Escrow Agent, Escrow Agent shall not be required to honor this Release Notice. Depositor hereby agrees that upon payment of the Amount of this Release Notice per the instructions of Depositor set forth above, or declination of payment because the amount of this Release Notice plus the total of all previous Release Notices and fees payable to the Escrow Agent exceeds the Escrow Deposit, all liability of the Escrow Agent with respect to such payment or declination shall terminate.

Unless otherwise provided herein, capitalized terms which are used and not defined herein shall have the meaning given each such term in the Escrow Agreement.

In witness whereof, this certificate has been duly executed and delivered by the Depositor or his duly elected and acting officer as of this 30 day of July, 2019.

Depositor

_____
**Mohammad Thani A.T. Al-Thani**

## DIRECTION AS TO TRANSFER OF ESCROW DEPOSIT
(Less Compensation Due Escrow Agent)

To: **S. Mills Rogers III**
Attorney
P. O. Box 680444
Marietta, GA 30068

From: **IOLO GLOBAL, LLC**
c/o Alan Hanke
1712 Pioneer Ave., Suite 500
Cheyenne, WY 82001

Re: ESCROW AGREEMENT by and between **Mohammad Thani A.T. Al-Thani, IOLO Global, LLC and S. Mills Rogers III.**

Pursuant to the Escrow Agreement, Escrow Agent is hereby directed to transfer the Escrow Deposit (less compensation due to Escrow Agent) by wire transfer to:

| | |
|---|---|
| Paymaster | S. Mills Rogers III |
| Address | P. O. Box 680444, Marietta, GA 30068 |
| Paymaster Telephone | 404.316.7778 or 770.579.9140 |
| Bank | Bank of America |
| Bank Address | 4851 Lower Roswell Road, Marietta, GA 30068 |
| Account name | S. Mills Rogers III IOLTA Account |
| Account # | 0001 022 0■■■ |
| Swift | BOFAUS3N |
| ACH R/T | 061000052 |
| Bank Officer | Mr. Eric Schmidt (or bank branch manager) |
| Special Instructions: | Same Day Transfer and Immediate Credit - CURRENCY: US Dollars<br><br>BENEFICIARY: IOLO GLOBAL, LLC<br><br>All Wire transfers shall incorporate below Text Message and a copy of Bank Wire Transfer slip shall be transmitted via fax, fax number 770.579.9140, for legal verification and documentation pursuant to Patriot Act/Banking regulations with One Original Contract copy to be filed with Bank |
| Required Instructions: | Text Message: The S.W.I.F.T. or Clear Stream text message covering all remittances shall clearly state the following: :"THE REMITTER IS KNOWN TO US. THIS IS DONE WITH FULL BANKING RESPONSIBILITY AND WE ARE SATISFIED AS TO THE SOURCE OF FUNDS SENT TO US." FOR SAME DAY SETTLEMENT. |

Dated this 29 day of July 2019

IOLO GLOBAL, LLC

By: _/s/ Alan Hanke_
Alan J. Hanke
Managing Member

## SCHEDULE 1
## EXHIBIT B
RETURN NOTICE

To: **S. Mills Rogers III**  
Attorney  
P. O. Box 680444  
Marietta, GA 30068

**IOLO GLOBAL, LLC**  
c/o Alan Hanke  
1712 Pioneer Ave., Suite 500  
Cheyenne, WY 82001

The undersigned Depositor, **Mohammad Thani A.T. Al-Thani** ("Depositor"), hereby certifies to Escrow Agent, **S. Mills Rogers III** ("Escrow Agent"), with reference to that Escrow Agreement executed on _____, _____ by and between **Mohammad Thani A.T. Al-Thani, IOLO Global, LLC** and **S. Mills Rogers III**, as follows:

Depositor has conducted its due diligence review of the Insurance Documents. Depositor and Beneficiary cannot come to an agreement as to the substance of the Insurance Documents.

Thus, in accordance with paragraphs 8 and 9 of Schedule 1 of the Escrow Agreement, Depositor hereby requests that the Escrow Deposit, less compensation due to Escrow Agent pursuant to Section 6 and Schedule 3 of the Escrow Agreement, be transferred by wire transfer to:

BANK NAME: Citi Private Bank  
ACCOUNT NAME: Mohammad Thani A.T. Al-Thani  
ACCOUNT NUMBER: 3▮  
ABA ROUTING NUMBER: 021000089  
SWIFT CODE: CITIGB  
BANK ADDRESS: 33 Canada Square, Canary Warf, London, England, E14 5LB  
BANK PHONE: +44 0 20 7508 6931  
BANK OFFICER: Frankie Stannage

Depositor hereby certifies that the amount of this Return Notice plus the total of all previous Release Notices does not exceed the Escrow Deposit and agrees that if the amount of this Return Notice plus the total of all previous Release Notice, Escrow Agent shall not be required to honor this Return Notice. Depositor hereby agrees that upon payment of the Amount of this Return Notice per the instructions of Depositor set forth above, or declination of payment because the amount of this Return Notice plus the total of all previous Release Notices exceeds the Escrow Deposit, all liability of the Escrow Agent with respect to such payment or declination shall terminate.

Unless otherwise provided herein, capitalized terms which are used and not defined herein shall have the meaning given each such term in the Escrow Agreement.

In witness whereof, this certificate has been duly executed and delivered on behalf of the Depositor by its duly elected and acting officer as of this _____ day of _____, 2019.

Depositor

_____  
**Mohammad Thani A.T. Al-Thani**

## Schedule 2

### TELEPHONE NUMBER(S) AND AUTHORIZED SIGNATURE(S) FOR PERSONS DESIGNATED TO GIVE AND CONFIRM FUNDS TRANSFER INSTRUCTIONS

|   | PARTY | NAME OF AUTHORIZED PERSON | TELEPHONE | CELL NUMBER | SIGNATURE |
|---|---|---|---|---|---|
| 1. | Beneficiary | Alan J Hanke | +1 (815) 814-3879 | +1 (815) 814-3879 | *[signature]* |
| 2. | Depositor | Mohammad Thani A.T. Al-Thani | +974.4409.4000 | +974.6666.5831 | *[signature in Arabic]* |

## Schedule 3
### <u>ESCROW AGENT FEES</u>

| Fee | .0025% of Escrow Deposit amount, minimum $500.00, to be paid to Escrow Agent, with reimbursements, from the Escrow Deposit amount, in accordance with Section 6 of the Escrow Agreement. |
|---|---|
| Wire Fee | $45.00 |

## Schedule 4

## WIRING INSTRUCTIONS

**TO ESCROW AGENT (S. MILLS ROGERS III, ATTORNEY):**

| | |
|---|---|
| Paymaster | S. Mills Rogers III |
| Address | P. O. Box 680444, Marietta, GA 30068 |
| Paymaster Telephone | 404.316.7778 or 770.579.9140 |
| Bank | Bank of America |
| Bank Address | 4851 Lower Roswell Road, Marietta, GA 30068 |
| Account name | S. Mills Rogers III IOLTA Account |
| Account # | 0001 022 0▮▮▮▮ |
| Swift | BOFAUS3N |
| ACH R/T | 061000052 |
| Bank Officer | Mr. Eric Schmidt (or bank branch manager) |
| Special Instructions: | Same Day Transfer and Immediate Credit - CURRENCY: US Dollars<br><br>BENEFICIARY: S. Mills Rogers III<br><br>All Wire transfers shall incorporate below Text Message and a copy of Bank Wire Transfer slip shall be transmitted via fax, fax number 770.579.9140, for legal verification and documentation pursuant to Patriot Act/Banking regulations with One Original Contract copy to be filed with Bank |
| Required Instructions: | Text Message: The S.W.I.F.T. or Clear Stream text message covering all remittances shall clearly state the following: :"THE REMITTER IS KNOWN TO US. THIS IS DONE WITH FULL BANKING RESPONSIBILITY AND WE ARE SATISFIED AS TO THE SOURCE OF FUNDS SENT TO US." FOR SAME DAY SETTLEMENT. |

## TO BENEFICIARY (IOLO GLOBAL, LLC ):

| Paymaster | S. Mills Rogers III |
|---|---|
| Address | P. O. Box 680444, Marietta, GA  30068 |
| Paymaster Telephone | 404.316.7778 or 770.579.9140 |
| Bank | Bank of America |
| Bank Address | 4851 Lower Roswell Road, Marietta, GA  30068 |
| Account name | S. Mills Rogers III IOLTA Account |
| Account # | 0001 022 0█████ |
| Swift | BOFAUS3N |
| ACH R/T | 061000052 |
| Bank Officer | Mr. Eric Schmidt (or bank branch manager) |
| Special Instructions: | Same Day Transfer and Immediate Credit - CURRENCY: US Dollars<br><br>BENEFICIARY:  IOLO GLOBAL, LLC<br><br>All Wire transfers shall incorporate below Text Message and a copy of Bank Wire Transfer slip shall be transmitted via fax, fax number 770.579.9140, for legal verification and documentation pursuant to Patriot Act/Banking regulations with One Original Contract copy to be filed with Bank |
| Required Instructions: | Text Message:  The S.W.I.F.T. or Clear Stream text message covering all remittances shall clearly state the following: :"THE REMITTER IS KNOWN TO US. THIS IS DONE WITH FULL BANKING RESPONSIBILITY AND WE ARE SATISFIED AS TO THE SOURCE OF FUNDS SENT TO US." FOR SAME DAY SETTLEMENT. |

## TO DEPOSITOR (Mohammad Thani A.T. Al-Thani):

BANK NAME: Citi Private Bank
ACCOUNT NAME: Mohammad Thani A.T. Al-Thani
ACCOUNT NUMBER: 31█████
ABA ROUTING NUMBER: 021000089
SWIFT CODE: CITIGB
BANK ADDRESS: 33 Canada Square, Canary Warf, London, England, E14 5LB
BANK PHONE: +44 0 20 7508 6931
BANK OFFICER: Frankie Stannage