UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MOHAMMED THANI A.T. AL THANI,     :

                                 Case No.: 20 Civ. 4765 (JPC)(RWL)

                Plaintiff,     :

  - against -                              :

ALAN J. HANKE, IOLO GLOBAL LLC,     :
SIDNEY MILLS ROGERS III, LAURA ROMEO,
AMY ROY-HAEGER, SUBGALLAGHER     :
INVESTMENT TRUST, SHERRY SIMS, and
JOHN DOES 1-100,     :

                Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

===============================================================

# DEFENDANT S. MILLS ROGERS, III'S
# MEMORANDUM IN SUPPORT OF MOTION TO STAY

===============================================================

SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800

*Attorneys for Defendant*
*S. Mills Rogers, III*

SGR/23940506.1

As set forth in the motion of Defendant S. Mills Rogers III ("Rogers") to dismiss or stay based on, *inter alia*, an arbitration clause in the two escrow agreements to which he and Plaintiff are parties (ECF Nos. 97-99 ("Motion to Dismiss")), the claims against Rogers do not belong in the Southern District of New York. Rather, Plaintiff agreed to arbitrate any claim with Rogers in Georgia. While there would be no prejudice to Plaintiff in a short stay, Rogers would suffer prejudice in being forced to conduct extensive and expensive discovery that he would not otherwise be required to conduct in arbitration. Therefore, Rogers respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 26(c) and 9 U.S.C. § 3, for a protective order staying discovery as to him pending the Court's resolution of his Motion to Dismiss.

## BACKGROUND

Plaintiff Muhammed A.T. Al Thani ("Plaintiff"), originally commenced this case on June 22, 2020 solely against Defendants Alan J. Hanke ("Hanke") and IOLO Global LLC ("IOLO"). (ECF No. 1). Hanke moved to dismiss the case based on the lack of personal jurisdiction. (ECF No. 25-28.) On September 4, 2020, the Court held an initial pretrial conference at which Hanke and IOLO requested a stay of discovery while their motion was pending. (Dec. of John G. McCarthy In Support of Motion to Stay, dated Dec. 11, 2020 ("McCarthy Dec In Supp. of Stay"), Ex. 1 (Tr.), at 5-9.) Judge Caproni concluded "even if there was no personal jurisdiction here, I do believe that Mr. Al Thani is going to pursue this case somewhere else." (*Id*. at 9.) The parties discussed how long would be needed to conduct discovery in the two-party case while plaintiff remained silent about his intent to add new defendants. (*Id*. at 9-11.) Ultimately, Judge Caproni gave the parties three months for discovery and set January 7, 2021 as the discovery deadline. (*Id*. at 11.)

Three weeks later, on September 25, 2020, Plaintiff amended his complaint and added five additional parties, including Rogers. (ECF No. 35.) Rogers was served on October 12, 2020. (ECF No. 49.) Service of all five additional defendants was not complete until December 1, 2020. (ECF No. 93.) For a summary of Plaintiff's claims against Rogers (as well as Hanke and IOLO), Rogers respectfully refers and herein incorporates by references the Statement of Facts in his memorandum in support of his Motion to Dismiss. (ECF No. 98 at 2-9 ("Memo. In Supp.").)

On November 2, 2020, Defendants Hanke and IOLO requested that the Court extend the discovery deadlines set by Judge Caproni in light of the new parties being added to the case. (ECF No. 61.) The Court scheduled a conference to discuss the request, which was later adjourned to November 19 to accommodate Plaintiff's counsel. (ECF No. 71.) In the meantime, the new defendants, including Rogers, submitted requests for pre-motion conferences to dismiss or stay. (ECF Nos. 72-73.) On November 19, Roger's counsel sought to clarify that discovery was proceeding only between Plaintiff and the original defendants because, among other reasons, the two escrow agreements between Plaintiff and Rogers contained an arbitration clause. (*See* McCarthy Dec In Supp. of Stay, ¶ 6; Dec. of John G. McCarthy ("McCarthy Dec") in Support of Motion to Dismiss ("McCarthy Dec In Supp. of Motion to Dismiss"), dated Dec. 11, 2020, ECF No. 99, Exs. A, § 9 & B, § 9.) Defendants Sherry Sims and Subgallagher Investment Trust asked that discovery be stayed as to the new defendants. (McCarthy Dec In Supp. of Stay, ¶ 6.) After Plaintiff agreed that he would not assert waiver of arbitration rights as a result, the Court ordered that all defendants participate in discovery but that Rogers could file a formal motion to stay discovery. (*See id.*; Nov. 23, 2020 ECF Minute Entry.)

**ARGUMENT**

Pursuant to Fed. R. Civ. P 26(c), "the Court has discretion to stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a 'short' period of time and the opposing part (here, plaintiff) will not be prejudiced by the stay." *Anti-Monopoly, Inc. v Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y Mar. 7, 1996); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 22, 2008), *rearg. denied* 2009 WL 274483 (S.D.N.Y. Feb. 3, 2009).

The Motion to Dismiss will ultimately require the Court to dismiss pursuant to Rule 12(b)(6) or stay pursuant to 9 USC § 3 the claims against Rogers. As argued in Rogers' Memorandum in Support (at 8, 16-21), the Plaintiff agreed to arbitrate his claims in Cobb County, Georgia under the Commercial Rules of the American Arbitration Association. Those rules grant the arbitrator to determine any question concerning the arbitrability of Plaintiff's claims. (*Id.* at 16-17; McCarthy Dec In Supp. of Motion to Dismiss, Ex. C.) If the Court concludes that the question of arbitrability must be determined by the arbitrator, this Court must dismiss or stay the entire proceeding including discovery pending arbitration of any questions concerning arbitrability. *See, e.g.*, *Contec Corp. v. Remote Solution, Co., Ltd.*, 293 F.3d 205, 210 (2d Cir. 2005) (affirming district court's dismissal in favor of arbitration, the Court holding that plaintiff was compelled to arbitrate the question of arbitrability); *Bonner v. Point72 Asset Mgmt, L.P.*, No. 18 Civ. 1233 (AT), 2018 WL 11223154, at *3 (S.D.N.Y. July 5, 2018) (staying Plaintiff's claims pending a determination of arbitrability by the arbitrator).

Even if this Court were to reach the question of arbitrability, the general practice of district

SGR/23940506.1

courts is to stay discovery pending determination of a motion involving threshold issues concerning arbitration. *See Ross v. Bank of Am., N.A. (USA)*, No. 05 Civ. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate"); *see generally Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court").

Plaintiff cannot claim prejudice resulting from the short stay pending the Court's determination. Discovery is proceeding against IOLO, including its principal Hanke, the entity to whom Plaintiff's funds were released for investment. Moreover, from the first instance during the Court's pre-motion conference, Roger's has argued that discovery as to him should not proceed pending resolution of the Motion to Dismiss. While Rogers executed the civil case management plan and scheduling order, Rogers did so solely due to the Court's direction during the November 19 conference. (ECF No. 95 at 1 n 1.)

In contrast, if the Court fails to enter an order staying discovery against him, Rogers will suffer prejudice. Indeed, AAA Rule R-22(b) provides that "[t]he arbitrator *may*, on application of a party or at the arbitrator's own initiative," require the parties to exchange documents." (McCarthy Dec. In Supp. of Stay, Ex. 2.) Moreover, only in complex arbitrations under Rule L-3(f) is there a provision made that "[i]n *exceptional* cases, *at the discretion of the arbitrator*, *upon good cause shown* and consistent with the expedited nature of arbitration, the arbitrator *may* order depositions to obtain the testimony of a person who may possess information *determined by the arbitrator* to be relevant and material to the outcome the case. . . ." (*Id.*, Ex. 3.) Given the limited scope of discovery permitted in arbitration and, therefore, the impending prejudice to Rogers in

4

being forced to engage in discovery he would not otherwise be required in arbitration—the forum in which the parties agreed to resolve their disputes—it is appropriate and necessary that this Court stay discovery pending resolution of the Motion to Dismiss. Moreover, the scope of discovery in this action with six other defendants will vastly exceed the discovery that would take place in an arbitration solely between Plaintiff and Rogers.

## CONCLUSION

Based on the foregoing, Roger's respectfully request that this Court temporary stay discovery as to him pursuant to Fed. R. Civ. P. 26(c) and 9 U.S.C. § 3 pending the Court's determination of the Motion to Dismiss.

Dated: New York, New York
December 11, 2020

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ John G. McCarthy
John G. McCarthy
Morgan V. Manley

*Attorneys for Defendant*
*S. Mills Rogers III*

1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700