UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MOHAMMED THANI A.T. AL THANI,                                          :
                                                                       :
                            Plaintiff,                                 :
                                                                       :         20-CV-4765 (JPC)
            -v-                                                        :
                                                                       :         ORDER
ALAN J. HANKE et al.,                                                  :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
JOHN P. CRONAN, United States District Judge:

      Plaintiff Mohammed Thani A.T. Al Thani filed this action against Defendants Alan J. Hanke, IOLO Global LLC ("IOLO"), Sidney Mills Rogers III, Laura Romeo, Amy Roy-Haeger, SubGallagher Investment Trust ("SGIT"), and Sherry Sims, alleging that Defendants engaged in a fraudulent investment scheme, of which Plaintiff was a victim. (Dkt. 35.) Hanke and IOLO, SGIT and Sims, Roy-Haeger, and Rogers have all filed Motions to Dismiss the Amended Complaint. (Dkts. 62, 82, 96, 97.) As is relevant here, Rogers has moved to dismiss the Amended Complaint on the basis that any claims against him should only be heard in arbitration pursuant to the arbitration clauses in the two escrow agreements to which he and Plaintiff are parties. (Dkts. 97-99.) Now before the Court is Rogers's Motion to Stay Discovery as to him pending the Court's resolution of his Motion to Dismiss. (Dkt. 100.) For the reasons that follow, the motion to stay discovery as to Rogers is GRANTED, except as to the limited discovery detailed below.

### I. Legal Standard

      "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). In deciding whether to stay discovery

pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey*, 316 F. Supp. 3d at 677.

## II.  Discussion

Here, the Court concludes that Rogers has shown good cause for a stay. There is a fully briefed, potentially dispositive motion, which could result in either dismissal or a stay of the claims against Rogers pending arbitration. Although the Court declines to rule on the merits of the motion at this stage, it appears from Rogers's briefing that he has made several substantial arguments for the dismissal of this suit. *See Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *3 ("Without prejudging the merits of the motion to dismiss, the Court finds that these arguments are potentially dispositive and sufficiently substantial to support a stay of discovery."); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12 Civ. 38 (RNC), 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) ("The defendant's motion is potentially dispositive and appears to have substantial grounds."); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting a stay where the defendants' motion "appears not to be unfounded in the law").

The burden on Rogers of responding to discovery also weighs in favor of a stay. In denying a stay as to Defendants Hanke and IOLO, Judge Caproni, to whom this case was previously assigned, emphasized that even if Hanke and IOLO's anticipated Motion to Dismiss for lack of personal jurisdiction is successful, there would be no prejudice from continuing discovery, since

it is very likely that "Mr. Al Thani is going to pursue this case somewhere else." (Dkt. 102, Ex. 1 at 9.) Unlike with Hanke and IOLO, however, if Rogers's Motion to Dismiss is successful, the case will ostensibly proceed in arbitration, which would be governed by substantially different discovery rules than a case in this, or any other, federal court. *See Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999) ("The popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness—characteristics said to be at odds with full-scale litigation in the courts, and especially at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure."). In fact, at least one court has surmised that it is "the general practice of district courts" to stay discovery pending a decision on a motion to compel arbitration. *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001). While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help "prevent[] duplicative and inefficient litigation." *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.,* No. 3:16 Civ. 01607 (VAB), 2017 WL 11577923, at *2 (D. Conn. July 24, 2017). Moreover, because "under certain circumstances, a party that commences litigation may waive its right to arbitration," *Sweater Bee by Banff v. Manhattan Indus.*, 754 F.2d 457, 461 (2d Cir.), *cert. denied*, 474 U.S. 819 (1985), a stay can help ensure that a litigant is not deprived of his or her chosen forum.

Finally, since the Court intends to promptly rule on the various Motions to Dismiss, Plaintiff will face little prejudice from a stay. While the Court agrees with Plaintiff that he will likely be entitled to significant discovery from Rogers via a third-party subpoena should the Motion to Dismiss be granted (and the motions by the other Defendants be denied), that does not, alone, provide sufficient justification for denying a stay, given the risk of inefficient litigation and waiver detailed above. However, the Court is persuaded by Plaintiff's argument that he may suffer

prejudice because Rogers "is uniquely positioned to know where Plaintiff's funds were transferred," and "the longer that Plaintiff is without access to this information, the more difficult it may be for Plaintiff to recoup his funds." (Dkt. 103 at 15.)  Accordingly, the Court will allow limited discovery to proceed regarding the specific location of Plaintiff's funds.  The Court finds that this limited discovery will substantially limit the burden of discovery while avoiding any undue prejudice to Plaintiff.

### III.  Conclusion

For the reasons stated above, Defendant Rogers's Motion to Stay Discovery is GRANTED IN PART.  Discovery is stayed as to Defendant Rogers, except that Plaintiff may engage in limited discovery regarding the location of the funds at issue.  This stay will expire upon the Court's resolution of Rogers's Motion to Dismiss.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 100.

SO ORDERED.

Dated: January 4, 2021
New York, New York

JOHN P. CRONAN
United States District Judge