UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
        :
MOHAMMED THANI A.T. AL THANI,        :
        :
      Plaintiff,        :
        :    20-CV-4765 (JPC)
   -v-        :
        :    ORDER
ALAN J. HANKE et al.,        :
        :
      Defendants.        :
        :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 16, 2021, the Court held a conference pursuant to Local Rule 37.2 to discuss, among other things, Defendants Alan J. Hanke and IOLO Global LLC's (the "Hanke Defendants") objection to Plaintiff's request for document discovery regarding their assets. *See* Dkts. 141, 143, 145, 146, 147, 148. During that conference, the Court ordered the Hanke Defendants to submit a letter by February 23, 2021 addressing whether they continued to object to identifying their assets and the basis for such an objection, and permitted Plaintiff to file a response by March 2, 2021. On February 23, 2021, the Hanke Defendants filed a letter reaffirming their objection to Plaintiff's request for pre-judgment asset discovery, calling it an "extraordinary remedy" because courts "generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment because such discovery is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence." Dkt. 151 (citing *Vincent v. Money Store*, No. 11 Civ. 7685 (JGK), 2012 WL 6622707 (S.D.N.Y. Dec. 20, 2012)). The Hanke Defendants further argued that to acquire such discovery, Plaintiff must meet the heightened standard traditionally reserved for obtaining expedited discovery. *Id.* (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). On February 26, 2021, Plaintiff submitted

his response, emphasizing that he is seeking discovery of these assets for the purpose of investigating and proving his corporate veil piercing/alter ego claims, and that the expedited discovery standard is simply inapplicable. Dkt. 153. The Hanke Defendants then submitted another letter, in which they argued that the Court should not order pre-judgment asset discovery because the Hanke Defendants' motion to dismiss is pending before this Court, and discovery of such sensitive information would be prejudicial. Dkt. 155.

Although the Hanke Defendants are correct that a plaintiff generally may not seek pre-judgment asset discovery in order to investigate a defendant's ability to satisfy a judgment, that is not the case here. Instead, the discovery Plaintiff seeks is "adequately related to the issue of alter ego liability." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Rule 26 of the Federal Rules of Civil Procedure allows for expansive discovery "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under New York law, several factors are relevant to an alter ego claim, including the (1) "intermingling of corporate funds; (2) "under-capitalization" of one entity; and (3) "failure to maintain separate books and records or observe other legal formalities." *Daval Steel Prod.*, 951 F.2d at 1367.

Here, Plaintiff has repeatedly alleged that IOLO Global LLC acts as the alter ego of Hanke, *see, e.g.*, Dkt. 35 ¶¶ 9, 76-83, 92-98, and has made a sufficient *prima facie* showing supporting such allegations. Pre-judgment asset discovery is thus relevant and "'reasonably calculated to lead to the discovery' of evidence admissible on the issue of alter ego liability." *Daval Steel Prod.*, 951 F.2d at 1367-68 (quoting Fed. R. Civ. P. 26(b)(1)); *see also Bank of China v. NBM, L.L.C.*, No. 01 Civ. 815 (BSJ) (DFE), 2001 WL 604083 (S.D.N.Y. June 4, 2001).

The Hanke Defendants' arguments otherwise are unavailing. First, the Hanke Defendants' attempt to distinguish *Daval Steel Products* on the basis that "there must be a judgment or finding of liability prior to disclosure of assets," Dkt. 151 at 2, finds no basis in the text or logic of that opinion, which is on its face grounded in Rule 26's expansive scope. Second, the Hanke Defendants have provided no support for applying an expedited discovery standard to this matter, nor is it clear why such a standard would be appropriate here. Finally, the Court dismisses the Hanke Defendants' argument that they should not be required to produce this discovery until the Court renders a decision on their motion to dismiss. Such an argument is, at bottom, an attempt to relitigate the Court's denial of their request to stay discovery, which the Court declines to do.

Accordingly, it is hereby ORDERED that by March 24, 2021 the Hanke Defendants must respond to Plaintiff's request for documents identifying their assets.

SO ORDERED.

Dated: March 10, 2021
New York, New York

JOHN P. CRONAN
United States District Judge