UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
MOHAMMED THANI A.T. AL THANI,                                 :
                                                              :
                              Plaintiff,                      :              20-CV-4765 (JPC)
                                                              :
              -v-                                             :              ORDER
                                                              :
ALAN J. HANKE,                                                :
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On April 9, 2021, the Court granted the motion of Jeffrey S. Dweck to withdraw as counsel

for Defendant Subgallagher Investment Trust (the "Trust"). Dkt. 178. The Court has reviewed

Plaintiff's letter dated April 9, 2021, Dkt. 179, and Plaintiff's opposition to the motion to withdraw,

Dkt. 173, and reaffirms its grant of Mr. Dweck's motion.

Under Local Civil Rule 1.4, an attorney may be relieved or displaced only by order of the

Court, which will be granted "only upon a showing by affidavit or otherwise of satisfactory reasons

for withdrawal." Courts in this District generally find that "'[s]atisfactory reasons' include failure

to pay legal fees, a client's lack of cooperation—including lack of communication with counsel,

and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co.*

*v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y.

Aug. 15, 2005) (internal quotation marks omitted).

Mr. Dweck has shown satisfactory reasons for withdrawal. Mr. Dweck has represented

that his firm has not been paid for services rendered to the Trust. Dkt. 169, Exh. A ¶ 7; *see*

*TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499, at *6

(S.D.N.Y. Aug. 11, 2017) (finding that an attorney's "claim that Plaintiff has refused to pay for

his legal services is sufficient" to justify withdrawal).  He also has represented that Patricia Moore, the former trustee who executed the letter of engagement on behalf of the Trust, *see* Dkt. 169, Exh. A ¶ 4, has resigned, and that he has attempted to contact the successor trustee, but has been unable to make contact with that individual or otherwise communicate with anyone authorized to speak on behalf of the Trust, *id.* ¶¶ 6-7.  *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) ("Defendant's counsel have been unable to communicate with their client for several consecutive months and have not received any legal fees during this time.  These facts constitute sufficient grounds for withdrawal pursuant to Local Civil Rule 1.4." (citation omitted)).

In addition, courts addressing motions to withdraw as counsel "have typically considered whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (internal quotation marks omitted).  This case is still in the midst of discovery, and is not near trial ready.  *See Chen v. New Great Wall 2, Inc.*, No. 18 Civ. 10075 (PMH) (JCM), 2020 WL 8920720, at *2 (S.D.N.Y. Nov. 17, 2020) (granting a motion to stay where discovery had commenced but the case was not ready for trial); *Brown v. Nat'l Survival Games, Inc.*, No. 91 Civ. 221 (HGM), 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) ("[A]lthough the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial.  Thus, granting the instant motion will not likely cause undue delay.").  And while discovery in this case has undoubtably faced certain setbacks and delays, largely because of the failure of Mr. Dweck's clients to respond to discovery demands, mandating that Mr. Dweck stay on as counsel for the Trust appears unlikely to assist in that respect, particularly in light of the representations made by Mr. Dweck during the March 10, 2021 conference, *see* Dkt. 174, and his representation in the motion to withdraw that he recently has

been unable to communicate with anyone authorized to speak on behalf of the Trust, *see* Dkt. 169, Exh. A ¶ 7.  *See Blue Angel Films, Ltd.*, 2011 WL 672245, at *2 ("Finally, this case is not on the verge of being tried, and any disruption is caused not by defendant's counsel moving to withdraw, but simply by the defendant's failure to communicate with its attorneys.  Holding counsel in this proceeding will do nothing to speed the litigation.").  Moreover, there are fully briefed motions to dismiss on behalf of the Trust.  *See Diarama Trading Co.*, 2005 WL 1963945, at *2 (finding that there would not be prejudice "[b]ecause all discovery has been completed and Defendants' motion for summary judgment has been fully-briefed and is currently *sub judice* with the Court," and therefore "any new counsel retained by Plaintiff would . . . have ample time to familiarize himself with the entire record in the case and thus prepare himself either to proceed to trial should summary judgment be denied or prepare an appeal if summary judgment is granted").

Because Mr. Dweck has complied with the procedural requirements of Local Rule 1.4, *see* Dkt. 169, has filed proof of service of the motion to withdraw on the Trust, *see* Dkts. 171, 172, and has shown satisfactory reasons justifying withdrawal, the Court finds that Mr. Dweck was properly relieved as counsel.  The Court does, however, emphasize that, although Defendant Sherry Sims has filed for bankruptcy protection, Mr. Dweck continues to represent her in this case.

SO ORDERED.

Dated: April 12, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge