

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

June 7, 2021

Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Al Thani v. Hanke et al.*, Case No. 1:20-cv-4765 (JPC)

Dear Judge Cronan:

    We are counsel to plaintiff Mohammed Thani A.T. Al Thani ("Plaintiff") in the above captioned case. We are writing to inform the Court of Defendants Alan J. Hanke ("Hanke") and IOLO Global LLC's ("IOLO," and, together with "Hanke," the "Hanke Defendants") failure to complete their document production pursuant to the Court's order of February 16, 2021, Minute Entry between ECF Nos. 148 and 149, and their failure to comply with the deadline for the substantial completion of document discovery, ECF No. 185. We respectfully request that the Court enter an order compelling the Hanke Defendants immediately to produce all of their non-privileged, responsive documents.

    We regret that we are compelled to bring this issue yet again to Your Honor's attention. Based on conferences before the Court on November 19, 2020, February 16, 2021, and March 10, 2021, the Court's orders at those conferences, and the Court's order dated March 10, 2021, ECF Nos. 163, 164, 174 and Minute Entry between ECF Nos. 83 and 84, the Court is familiar with the facts surrounding the Hanke Defendants' delays and failure to comply with their discovery obligations in this case. The most recent example of this behavior is telling.

    On April 26, 2021, the Court entered a new case management order, which had been agreed upon by the parties and set a substantial completion date for written discovery of May 18, 2021. ECF No. 185. On May 14, the Hanke Defendants requested an extension to May 21 for substantial completion because they claimed that the search terms agreed-upon by the parties "produced a voluminous amount of documents and that it [was] taking longer to review than anticipated." As a professional courtesy, Plaintiff consented to this extension. On May 21, the Hanke Defendants requested an additional extension until May 24, because their e-discovery vendor was purportedly still in the process of imaging "roughly 4,000 emails and their attachments" which represented 21,560 pages of documents and would not be done before the weekend. Again, as a professional courtesy, Plaintiff consented to this extension.

    However, on May 24, the Hanke Defendants did not make a production anywhere close to what was represented—instead, they produced a mere 161 documents. The only explanation the

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Riyadh Shanghai FTZ Ulaanbaatar Zagreb. Business Service Centers: Johannesburg Louisville. Legal Services Center: Berlin. For more information see www.hoganlovells.com

Hanke Defendants' counsel offered for this complete mismatch was that "[their] client must review each document page by page to confirm that they relate to [Plaintiff's] transaction as opposed to another transaction not related here." On May 25, Plaintiff alerted the Hanke Defendants to the complete insufficiency of this purported explanation and demanded an immediate meet-and-confer.

On June 1, counsel for the Hanke Defendants and Plaintiff met and conferred regarding the deficiencies in the May 24 production. During the meet-and-confer, counsel for the Hanke Defendants indicated that after their initial review of the documents, they determined that they needed to send the documents to their client to make a document-by-document determination as to which documents related to Plaintiff's investment. Critically, during the meet-and-confer, counsel for the Hanke Defendants did not dispute Plaintiff's contention that they had failed to comply with the substantial completion of document discovery deadline. Indeed, such a position would be unfathomable in light of the fact that the Hanke Defendants produced only 161 documents when just three days prior they indicated that they had identified roughly 4,000 relevant documents for production. During the meet-and-confer, counsel for the Hanke Defendants indicated that Hanke would finish his review of the documents by Friday, June 4. But despite this representation, on the evening of June 4 the Hanke Defendants made a supplemental production of a single 60-page pdf document. The document is comprised of a handful of emails, many of which appear to be completely irrelevant to this case or to any of the third-parties that Plaintiff identified in his search terms. In fact, many of the emails that were produced appear to be junk emails from Hanke's inbox that serve no other purpose but to artificially inflate the number of pages in what is an already very small and materially deficient production. Moreover, the production is devoid of the required metadata, and the few emails produced that do appear potentially relevant to this case are missing their attachments. Given that this most recent production represents just a miniscule fraction of the 4,000 documents that were originally promised, it is clear that the Hanke Defendants have still not come close to satisfying the substantial completion of document discovery deadline.

While the Hanke Defendants may claim that they still need more time to complete their production while their client reviews the documents to make relevancy determinations, this excuse rings hollow for several reasons. *First*, the Hanke Defendants are trying to relitigate an issue that has already been resolved before this Court. At the February 16 conference, counsel for the Hanke Defendants argued that there needed to be an ESI protocol to limit the scope of documents that the Hanke Defendants needed to review concerning relevant third-parties. In response, the Court ordered the parties to agree on search terms after the Hanke Defendants supplemented their interrogatory responses and produced relevant communications with the other Defendants. Subsequent to receiving the Hanke Defendants' supplemental discovery responses, Plaintiff proposed search terms that included the names of individuals and entities that, based on the Hanke Defendants' own documents and interrogatory responses, received Plaintiff's funds, and also included other terms directly related to Plaintiff's claims. By May 12, the parties agreed on a set of search terms and the Hanke Defendants confirmed that they were "doing the review off the

search terms." In light of this history, the notion that the Hanke Defendants now need more time to make relevancy determinations is unacceptable. The sole purpose of the search terms, as ordered by Your Honor, and agreed upon by the parties, was to isolate the universe of the Hanke Defendants' relevant documents to ease the burden of review. The Hanke Defendants have had months to conduct this review, and are now trying to raise the very same excuses that the Court heard and resolved at the February 16 conference.

*Second*, the notion that Hanke himself is independently reviewing the documents to make relevancy determinations is inappropriate under the circumstances. Indeed, courts in this District have expressed serious concerns over a non-attorney client making relevance determinations and withholding information directly related to issues in the case. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, 2020 WL 7342724, at *15 (S.D.N.Y. Dec. 11, 2020). The problem is particularly acute here because Hanke would be making relevancy determinations based on his belief that the documents are not relevant to the Plaintiff's investment. Putting aside that we have no idea the criteria Hanke would be using to make such determinations, it cannot be said that those transactions are not relevant per se to Plaintiff's investment and in fact may be highly relevant to Plaintiff's fraud claims because evidence uncovered in discovery indicates that the Hanke Defendants used Plaintiff's funds to pay off other investors in connection with completely unrelated transactions. Without appropriate supervision by counsel, Hanke may be unilaterally deciding to withhold documents that directly support Plaintiff's fraud claims under the misguided theory that they do not "relate to [Plaintiff's] transaction." Thus, not only is this a poor excuse for delay, but it is also patently improper.

*Third,* even if it were proper for Hanke to independently review the documents for relevance, the Hanke Defendants have offered no excuse as to why this review could not have been conducted earlier so that production would be completed by the Court-ordered deadline. Plaintiff provided search terms on April 12, 2021. The Hanke Defendants provided search term hits on April 28. Plaintiff proposed what became the final terms on May 5, and the Hanke Defendants indicated that they were already conducting the review by May 12. All of this should have been completed months ago per Your Honor's and Judge Caproni's orders. The Hanke Defendants have not once offered an explanation as to why it took until May 24 to identify the need for Hanke to individually review documents, which is particularly problematic given that the Hanke Defendants had agreed just a few weeks prior to substantially complete document discovery by May 18. The lack of explanation is telling, and is consistent with the Hanke Defendants' pattern of seeking to delay the progress of discovery in this case.

In light of the forgoing, we respectfully request that the Court enter an order compelling the Hanke Defendants to immediately complete their document production. At this point in time, Plaintiff respectfully submits that the Hanke Defendants' conduct warrants sanctions under FRCP 37(a). We are available at the Court's convenience to address any questions.

Respectfully submitted,

By: /s/ Michael C. Hefter
Michael C. Hefter
Partner
Direct: (212) 918-3032
michael.hefter@hoganlovells.com

cc: All counsel (by ECF)
    Amy Roy-Haeger (by ECF)
    Laura Romeo (by ECF)

The Hanke Defendants shall file a response to Plaintiff's letter by June 10, 2021. The parties shall appear for a teleconference on June 11, 2021 at 11:00 a.m. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

SO ORDERED.

Date: June 7, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge