```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MARTIN JOHN STEVENS,                                             :
                                                                 :
                              Plaintiff,                         :    20 Civ. 8181 (JPC)
                                                                 :
              -v-                                                :    20 Civ. 4765 (JPC)
                                                                 :
ALAN J. HANKE et al.,                                            :    OPINION AND ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Presently before the Court is Plaintiff Martin John Stevens's motion, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate this action, *Stevens v. Hanke*, No. 20 Civ. 8181 (JPC) ("*Stevens* Action"), with an earlier filed related action, *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC) ("*Al Thani* Action"). No opposition to Stevens's motion to consolidate has been filed. Because the Court finds that the *Stevens* Action and the *Al Thani* Action involve common questions of fact and law, the Court grants Stevens's motion to consolidate the two actions for pretrial purposes. The Court will determine whether consolidation of these two actions for trial is also warranted after the close of discovery and the resolution of any motions for summary judgment.

## I. Background

### A. Facts

Plaintiff Mohammed Thani A.T. Al Thani commenced the *Al Thani* Action on June 22, 2020, and filed an Amended Complaint on September 25, 2020. *Al Thani* Action, Dkt. 35 ("*Al Thani* Complaint"). The *Al Thani* Complaint alleges that Defendants Alan J. Hanke and IOLO Global LLC ("IOLO," and together with Hanke, the "Hanke Defendants") defrauded Al Thani of

millions of dollars by inducing him to enter into two Management and Deposit Agreements ("MDAs") and various addenda to these MDAs, under which Al Thani entrusted the Hanke Defendants with $6.5 million. *Id.* ¶¶ 1-4, 35. The *Al Thani* Complaint further alleges that the Hanke Defendants perpetrated the fraud with the assistance of co-conspirators, who also are named as Defendants: Sidney Mills Rogers III, Laura Romeo, Amy Roy-Haeger, SubGallagher Investment Trust ("SGIT"), and Sherry Sims. *Id.* ¶ 1. The *Al Thani* Complaint alleges nine causes of action, including for breach of contract,[1] fraudulent inducement, fraud, aiding and abetting fraud, breach of fiduciary duties, aiding and abetting breach of fiduciary duties, and violation of the Investment Advisers Act. *Id.* ¶¶ 76-141.

On October 2, 2020, Stevens filed a complaint in the *Stevens* Action. Dkt. 2 ("*Stevens* Complaint"). Similar to the *Al Thani* Complaint, the *Stevens* Complaint alleges that the Hanke Defendants, acting in concert with Defendants Guarantee Investment Trust ("GIT"), Sims, Rogers, and Roy-Haeger, defrauded Stevens of millions of dollars by inducing him to enter into two MDAs and various addenda to these MDAs, under which Stevens entrusted the Hanke Defendants with $1 million. *Id.* ¶¶ 1-12. The *Stevens* Complaint alleges eight causes of action for breach of contract,[2] fraudulent inducement, fraud, aiding and abetting fraud, breach of fiduciary duties, aiding and abetting breach of fiduciary duties, and violation of the Investment Advisers Act. *Id.* ¶¶ 79-138. Along with his complaint, Stevens filed a statement of relatedness, contending that the *Stevens* Action should be treated as related to the earlier filed *Al Thani* Action on the basis that

---

[1] The *Al Thani* Complaint alleges breach of a March 12, 2019 MDA and breach of a July 29, 2019 MDA against the Hanke Defendants, and breach of surety bonds against SGIT and Sims. *Al Thani* Complaint ¶¶ 76-98.

[2] The *Stevens* Complaint alleges breach of a November 28, 2019 MDA against the Hanke Defendants and breach of the financial guarantee against Sims and GIT. *Stevens* Complaint ¶¶ 79-138.

both actions concern (i) "the identical fraudulent scheme by defendants Alan J. Hanke, IOLO Global LLC, Sidney Mills Rogers III, Amy Roy-Haeger and Sherry Sims," (ii) "the same underlying investment strategy and promises . . . marketed to both plaintiffs," (iii) "the same causes of action," (iv) "virtually identical governing agreements," and (v) "the same non-party and/or third-party individuals and entities [who] assisted defendants with the schemes, including the identical escrow agent and trading platform bank." Dkt. 4 at 2. The Court agreed and accepted the *Stevens* Action as related to the *Al Thani* Action.

**B. Procedural History**

On May 20, 2021, Stevens filed a motion to consolidate the *Stevens* Action with the *Al Thani* Action. Dkts. 76-79. In his motion, Stevens, joined by Al Thani, contends that consolidation is warranted because the two actions "involve, in substantial part, the same defendants, are premised on virtually identical fraudulent schemes, involve common questions of fact and law, and seek the same relief." Dkt. 77 ("Motion") at 6. Stevens also contends that consolidation would reduce discovery costs because it would avoid the need to take "largely duplicative" "fact depositions of defendants Hanke, IOLO, Rogers, Sims and Roy-Haeger" and "allow for a single subpoena to be served on third-parties and, where appropriate, a single coordinated deposition, rather than two." *Id.* at 7. According to Stevens, consolidation would likewise "convenience the defendants who would no longer have to manage two separate dockets, attend separate court hearings, and respond to two sets of substantially similar discovery requests." *Id.* at 8.

On the same day that Stevens filed his Motion, the Court stayed briefing on the motion to consolidate pending further order of the Court. Dkt. 80. The Court found that stay to be necessary due, in part, to Rogers's request that the Court stay further briefing on the motion to consolidate until the Court decided his motion for dismissal, a stay pending arbitration, or severance and

3

transfer, Dkt. 73,[3] and because three of the Defendants in both the *Stevens* Action and the *Al Thani* Action—Sims, Hanke, and IOLO—filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, *see* Dkts. 64, 87.

On September 28, 2021, the Court directed the parties in the *Stevens* Action to file a letter advising the Court on their "view as to whether the Court may decide the pending motion to consolidate given the application of the automatic stay under [11 U.S.C. § 362(a)(1)] with respect to Sims, Hanke, and IOLO, with legal authorities to support its position."[4] Dkt. 92. Al Thani and Stevens filed their letters to the Court on October 11 and 12, 2021, respectively, taking the position that the Court may consolidate the cases without violating the automatic stay. Dkt. 93 at 2-3; *Al Thani* Action, Dkt. 239 at 2-4. On November 23, 2021, the Court permitted the parties to "resume briefing on Plaintiff Stevens's motion to consolidate" and directed the parties to "file any opposition . . . by January 7, 2022 and file any reply by January 14, 2022." Dkt. 97 at 2; *Al Thani* Action, Dkt. 245 at 2. None of the parties to the *Stevens* Action or the *Al Thani* Action have filed any opposition or reply to the Motion.[5]

---

[3] On September 21, 2021, the Court granted Rogers's motion to compel arbitration and stayed the claims against Rogers pending arbitration. *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 4311391 (Sept. 21, 2021).

[4] During a September 27, 2021 conference in the *Al Thani* Action, the Court also directed Al Thani to file a letter advising the Court as to whether the Court may consider the motion to consolidate in light of the automatic stay as to Hanke, IOLO, and Sims.

[5] Although no party has filed an opposition to Stevens's Motion, in response to Stevens's May 4, 2021 letter requesting a pre-motion conference concerning his anticipated motion to consolidate, Dkt. 68, Rogers filed a letter opposing Stevens's request, Dkt. 69. In his letter, Rogers argued that "[c]onsolidation at this stage is premature" because "[m]ultiple motions to dismiss the *Al Thani* Case are currently *sub judice*" and "it is uncertain to what extent, if any, resolution of the motions to dismiss in the *Al Thani* Case may be dispositive of issues in the *Stevens* Case." *Id.* at 1-2. Rogers also argued that "consolidation with respect to trial is . . . premature and would be prejudicial." *Id.* at 2. The Hanke Defendants submitted a letter joining Rogers in objecting to Stevens's anticipated motion to consolidate. Dkt. 70.

## II. Legal Standard

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "Consolidation is warranted where it promotes 'judicial economy' and serves to eliminate 'the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts.'" *KGK Jewelry LLC v. ESDNetwork*, Nos. 11 Civ. 9236 (LTS) (RLE), 12 Civ. 9130 (LTS) (RLE), 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); and then *Internet L. Library, Inc. v. Southridge Cap. Mgmt. LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002)). "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Crowe v. JPMorgan Chase & Co.*, No. 09 Civ. 778 (RWS), No. 08 MDL 1963, 2009 WL 3852381, at *3 (S.D.N.Y. Nov. 18, 2009) (cleaned up) (citations omitted); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("Rule [42(a)] should be prudently employed as a valuable and important tool of judicial administration, invoked to expediate trial and eliminate unnecessary repetition and confusion." (citations and internal quotation marks omitted)). The moving party bears the burden of demonstrating that consolidation is appropriate. *CCR Int'l, Inc. v. Elias Grp., LLC*, No. 15 Civ. 6563 (RWS), 2018 WL 3135849, at *3 (S.D.N.Y. June 26, 2018).

## III. Discussion

At the outset, the Court finds that it may consider Stevens's pending motion to consolidate the *Stevens* Action with the *Al Thani* Action notwithstanding the automatic bankruptcy stay as to the Hanke Defendants and Sims. While there does not appear to be any authority directly resolving the question of whether a court may consolidate actions when the automatic bankruptcy stay applies to certain defendants, Plaintiffs present several arguments that the Court finds persuasive.

First, "the Court possesses independent authority to determine the scope of the automatic bankruptcy stay." *Al Thani* Action, Dkt. 239 at 1 (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The initial issue is whether the District Court has jurisdiction to determine the applicability of the automatic stay.  We conclude that it does."); and then *In re Mahurkar Double Lumen Hemodialysis Catheter Pat. Litig.*, 140 B.R. 969, 973 (N.D. Ill. 1992) ("[I]t is settled that both the bankruptcy court and the court in which the other litigation exists may construe the automatic stay.")).  Second, the Court has an inherent authority to manage its own docket, which includes the power to consolidate.  Dkt. 93 at 2 (citing *Lester-Krebs, Inc. v. Geffen Recs., Inc.*, No. 85 Civ. 6320 (JMW), 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985) ("The power to order consolidation prior to trial falls within the broad inherent authority of every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.")).  Third, an order consolidating the *Stevens* Action and *Al Thani* Action "does not involve a determination of the ultimate obligation of the debtor-defendants (Hanke, IOLO, and Sims), nor does it represent a ploy by Mr. Al Thani and Plaintiff Stevens to harass them."  *Id.* (citing *Booth v. Wilson*, 964 F. Supp. 757, 761 (S.D.N.Y. 1997) (holding that the court's "inherent power" to find debtor-defendant in contempt for failing to abide by pre-petition discovery orders "was not curtailed by the automatic stay provision of the bankruptcy code"); *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co., Inc.*, 62 B.R. 723, 729 (S.D.N.Y. 1986) (finding the debtor-defendant in contempt for failing to obey pre-petition court orders because the inherent power to punish disobedience with court orders "does not involve a determination of the ultimate obligation of the bankrupt nor does it represent a ploy by a creditor to harass him," which are the purposes for which Congress created the automatic stay)).

Having determined that the Court has the authority to consider Stevens's Motion, the Court finds that consolidation of the *Stevens* Action and the *Al Thani* Action is appropriate, at least for pretrial purposes, including discovery and the resolution of dispositive pretrial motions. Both actions allege fraudulent conduct by overlapping groups of Defendants arising from nearly identical schemes. Specifically, both complaints allege a scheme by the Hanke Defendants to defraud each Plaintiff of significant amounts of money by inducing each Plaintiff to enter into MDAs with the promise of massive monetary returns on Plaintiffs' investments. Both complaints also allege that the Hanke Defendants worked in concert with co-conspirators who helped to facilitate the fraud. In addition to the Hanke Defendants, Sims, Rogers, and Roy-Haeger are named as Defendants in both actions. And while GIT is named as a Defendant only in the *Stevens* Action and Romeo and SGIT are named as Defendants only in the *Al Thani* Action, "[t]he fact that all defendants are not the same in both actions is of no moment." *Hayes v. Coughlin*, Nos. 87 Civ. 7401 (CES), 89 Civ. 5498 (CES), 1991 WL 150194, at *2 (S.D.N.Y. July 31, 1991). As the text of Rule 42 makes clear, the actions sought to be consolidated need only "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Moreover, the alleged frauds at issue in both actions involve overlapping time periods, including January 2019 in-person meetings in New York City between Hanke and each Plaintiff, *see Stevens* Complaint ¶¶ 39-40; *Al Thani* Complaint ¶¶ 23-26; Dkt. 78 ("Holahan Declaration") ¶ 11, and nearly identical legal theories and causes of action, *see Stevens* Complaint ¶¶ 79-138; *Al Thani* Complaint ¶¶ 76-141.

The Court also finds that consolidation will promote judicial economy and avoid the potential for duplicative discovery and litigation. As previously discussed, both the *Stevens* Action and the *Al Thani* Action involve substantially the same Defendants, and consolidation would permit Plaintiffs to serve one set of discovery requests and take one deposition for each Defendant

7

instead of expending time and resources on multiple, duplicative discovery requests. *See* Motion at 7-8; Holahan Declaration ¶ 5. Plaintiffs also anticipate seeking discovery from overlapping groups of third-parties, and consolidation would permit Plaintiffs to serve one set of subpoenas to each third-party. *See* Motion at 8; Holahan Declaration ¶ 12; Dkt. 79 ¶¶ 4-5. Consolidation would also prevent the likelihood of duplicative motions practice and discovery disputes. Indeed, Roy-Haegar has expressed an intent to seek dismissal on nearly identical grounds in both the *Stevens* Action and the *Al Thani* Action, and the Court, "in order to avoid unnecessary expenditure of the Court's and the parties' resources," previously found "good cause to stay the date by which all Defendants must respond to the Complaint [in the *Stevens* Action] until fourteen days after entry of the Court's decision(s) on the parallel Motions to Dismiss filed in the [*Al Thani* Action]." Dkt. 51 at 2. In that Order, the Court also "emphasize[d] that it will not allow parties to relitigate identical arguments raised in a Motion to Dismiss filed in [the *Stevens* Action] if those arguments have been made by a Defendant and rejected in the [*Al Thani* Action]." *Id.* For these reasons, the Court finds that any prejudice that would result from consolidating these actions is far outweighed by the benefits of judicial economy and efficiency.

Because none of the parties in the *Stevens* Action or the *Al Thani* Action have filed an opposition to Stevens's motion to consolidate, the Court considers the motion unopposed. But for the sake of completeness, the Court addresses the arguments raised by Rogers in his May 7, 2021 letter responding to Stevens's pre-motion letter. In his letter, Rogers did not dispute that the *Stevens* Action and the *Al Thani* Action share common questions of law and fact. Rather, Rogers opposed consolidation because "[c]onsolidation at this stage is premature." Dkt. 69 at 1. Specifically, Rogers argued that "[m]ultiple motions to dismiss the *Al Thani* Case are currently *sub judice*" and "[w]here a motion to dismiss remains outstanding in one case, consolidation is

premature." *Id.* Since the filing of Rogers's letter, however, the Court issued decisions on the motions to dismiss in the *Al Thani* Action. *See Al Thani* Action, Dkts. 188, 231, 254. Accordingly, no motion to dismiss is pending in the *Al Thani* Action at this time.

Rogers also argued in his May 7, 2021 letter that "consolidation with respect to trial is . . . premature and would be prejudicial." Dkt. 69 at 2. "[C]onsolidation is permitted as a matter of convenience and economy in administration," and it "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Feldman v. Hanley*, 49 F.R.D. 48, 50 (S.D.N.Y. 1969) (internal quotation marks omitted) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933)). Nevertheless, the two actions are still in the early stages of litigation and undergoing discovery, and consolidation of the two actions for purposes of trial may not be appropriate at this time. *See Darezzo v., 200 Ninth Rest. LLC*, Nos. 14 Civ, 9081 (PAE), 14 Civ. 5099 (PAE), 2015 WL 195852, at *1 (S.D.N.Y. Jan. 14, 2015) (granting motion to consolidate for pretrial purposes and reserving determination of whether consolidation of the two actions is also merited for trial until after the close of discovery and the resolution of any summary judgment motions). Accordingly, the Court consolidates the *Stevens* Action and the *Al Thani* Action for pretrial purposes and will determine whether consolidation for trial is warranted after the close of discovery and the resolution of any motions for summary judgment.

## IV. Conclusion

For the foregoing reasons, Stevens's motion to consolidate is granted for pretrial purposes. Plaintiffs and the non-debtor Defendants in the *Al Thani* Action and the *Stevens* Action are directed to meet and confer, and submit a proposed revised Civil Case Management Plan and Scheduling Order within one week of the date of this Order, specifically by February 24, 2022.  The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 72, 76, 77, 78, and 79.  The Clerk of Court is further directed to consolidate *Stevens v. Hanke et al.*, No. 20 Civ. 8181 (JPC), with the earlier filed related action, *Al Thani v. Hanke et al.*, No. 20 Civ. 4765 (JPC).

SO ORDERED.

Dated: February 17, 2022
      New York, New York

_____
        JOHN P. CRONAN
      United States District Judge