# BROOKS & BERNE, PLLC

RICHARD BERNE, ESQ.
RICHARD.BERNE@LAWBBH.COM
MAIN TELEPHONE NO.: (914) 364-2691

February 23, 2022

VIA ECF
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re:   *Mohammed Thani A.T. Al Thani v. Alan J. Hanke, et al. (SDNY)(20-cv-4765)(JPC), consolidated with Stevens v. Hanke et al., Case No. (SDNY)(20-cv-8181)(JPC)*

Dear Judge Cronan,

We represent defendants, Alan J. Hanke ("Hanke") and IOLO Global LLC ("IOLO") ("Hanke" and "IOLO" are sometimes collectively referred to herein as the "Defendants"), in the above matter. We write to provide a status update regarding the Court ordered meet and confer pursuant to the Court's February 22, 2022 Order (Dck. No.: 258) and request the Court schedule a status conference.

As directed by the Court, we appeared on behalf of Hanke and IOLO for a meet and confer to submit a revised Case Management Plan and Scheduling Order. During the meet and confer, we were unable to reach an agreement as to potential discovery dates with counsel for Plaintiff Mohammad Thani A.T. Al Thani ("Al Thani") and Plaintiff Martin J. Stevens' ("Stevens") ("Stevens," and "Al Thani" are collectively referred to herein as "Plaintiffs"). We advised Plaintiffs' Counsel that we were unable to enter into a Scheduling Order as Brooks & Berne, PLLC (hereinafter "B&B") previously filed a letter motion requesting to be relieved as counsel for Defendants pursuant to the reasons set forth in our letter motion (Dck. No.: 227), which was denied with prejudice due to the automatic stay on the proceedings in this matter.

It is our opinion that we cannot commit to Plaintiffs' Proposed Scheduling Order because our prior application to be relieved as counsel rendered the relationship with Defendants adverse/hostile. As stated in our February 22, 2022 letter (Dck. No.: 259), we intend to seek leave to renew our motion to be relieved as counsel for Defendants given the lift of the automatic stay pursuant to the Bankruptcy Court Order (*See* Dck. No.: 257). Further, we communicated to Plaintiffs' Counsel our request for a status conference to obtain guidance from the Court regarding our position on the Proposed Scheduling Order. We further advised Plaintiffs' Counsel that agreeing to their Proposed Scheduling Order would be inappropriate prior to a status conference with the Court as it would not only bind B&B to Court Ordered discovery deadlines when B&B is seeking to be relieved as counsel for Defendants, but it will also bind Defendants and/or Defendants' future counsel without affording them the opportunity to agree or object to the proposed dates.

2

      We fully complied with the Court's directive to appear for a meet and confer. Based on the parties inability to come to an agreement regarding the Proposed Scheduling Order, we hereby request the Court schedule a status conference to discuss the matter and our intention to seek leave to renew the motion to be relieved as counsel for Defendants.

      Thank you for your time and attention to this matter.

                                  Respectfully Submitted,

                                  Richard Berne, Esq.

CC:

All Parties via ECF