

1250 Broadway, 27th Fl., New York, NY 10001
tel.  212-619-5400  •  fax   212-619-3090
www.nfllp.com

February 23, 2022

**VIA ECF AND ELECTRONIC MAIL**
The Hon. John P. Cronan, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007

     Re: *Al Thani v. Hanke et al.*
       U.S.D.C. – S.D.N.Y.
       Case No. 20-cv-4765 (JPC)

Dear Honorable Judge Cronan:

  We represent THOMAS H. HERNDON, JR., ESQ. in connection with his disassociation from Brooks & Berne, PLLC (formerly known as Brooks, Berne & Herndon, PLLC) (the "Brooks Firm"), attorneys for Defendants Alan J. Hanke ("Hanke") and IOLO Global LLC ("IOLO") (together, the "Hanke Defendants") in the above-entitled action (the "Action").

  Please accept this informal letter, which is respectfully submitted on behalf of Mr. Herndon, requesting guidance and a brief conference with the Court concerning the order contained in the Court's Memorandum Endorsement of February 22, 2022 (Dkt. No. 258) (the "Subject Order"), which pertinently provides as follows: "*Thomas Herndon, Jr.*, and Kelechi Ajoku shall remain as counsel for Defendants Hanke and IOLO until further order of the Court." (Emphasis supplied.)

  As the Court may not have been aware when the Subject Order was issued, Mr. Herndon disassociated[1] with the Brooks Firm on or about June 11, 2021 – over eight (8) months ago, and he has since accepted employment with a completely unaffiliated law firm. The breakup has not been seamless, and certain disputes between Mr. Herndon, on the one hand, and his former firm and law partners, on the other, have been put into suit in the Supreme Court of New York for New York County under the caption *Thomas H. Herndon, Jr., Plaintiff, against Brooks & Berne, PLLC et al., Defendants* (Index No. 650159/2022).

  Since the date Mr. Herndon left the Brooks Firm:

- Mr. Herndon has communicated with the Hanke Defendants only a handful of times,

---

[1] The facts relating to Mr. Herndon's departure from the Brooks Firm are made upon information provided by Mr. Herndon.  If a more formal application becomes necessary, we anticipate providing the Court with a declaration from Mr. Herndon attesting to the same under penalties of perjury.

**NEWMAN FERRARA** LLP

The Hon. John P. Cronan, U.S.D.J.
Re:   Al Thani v. Hanke – 20-cv-4765 (JPC)
February 23, 2022
Page 2

>    approximately contemporaneously with his departure from the Brooks Firm, to notify said defendants of his departure.  Neither at that time nor at any time thereafter did the Hanke Defendants engage Mr. Herndon, individually, or his present employer as counsel;
>
> - Mr. Herndon has not retained contact information for the Hanke Defendants;
>
> - Mr. Herndon took no files, media, or other documents or things related to the Action or the Hanke Defendants with him;
>
> - Mr. Herndon does not know the present location of the documents and/or ESI sought in the discovery matters *sub judice* and knows of no such documents and/or ESI in the possession of the Brooks Firm at the time of his departure, materials having been provided to an e-discovery vendor retained directly by the Hanke Defendants;
>
> - Mr. Herndon has been locked out of and has no access to the Brooks Firm's physical files, offices, computer media, document storage media, or e-mail server; and
>
> - Were Mr. Herndon to successfully contact the Hanke Defendants, whom he knows to be represented by the Brooks Firm, it could be claimed, among other things, that he improperly contacted persons whom he knew to be represented by other counsel and that he sought to improperly interfere with the contractual relationships between the Brooks Firm and its client.

In light of these circumstances, it is impossible for Mr. Herndon to represent the Hanke Defendants as their attorney in a manner consistent with the professional responsibilities concomitant with such representation and, consequently, with all respect, impossible for him to comply with the Subject Order.

For these reasons, on behalf of Mr. Herndon, we request guidance and a brief conference with the Court to address the challenging problems raised by these circumstances.

Thank you for your courtesy and consideration of these matters.

Respectfully submitted,

NEWMAN FERRARA LLP

By:    s/ Michael J. Weiner
              Michael J. Weiner
              (MW-2397)

cc:    **[Via ECF]**
         All Counsel of Record