UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                  :

MOHAMMED THANI A.T. AL THANI,         :

                       Plaintiff,        :

                                :            20 Civ. 4765 (JPC)

      -v-                         :

ALAN J. HANKE *et al.*,                  :

                              :

                     Defendants.     :

                              :
--------------------------------------------------------------------X
                                :

MARTIN JOHN STEVENS,              :

                       Plaintiff,        :

                                :            20 Civ. 8181 (JPC)

      -v-                         :

ALAN J. HANKE *et al.*,                  :                 <u>ORDER</u>

                              :

                     Defendants.    :

                              :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On February 17, 2022, the Court ordered that the above-captioned related actions be consolidated for pretrial purposes.  Dkt. 255.  In a letter filed on May 6, 2022 providing a joint status update, Plaintiffs reported that Defendant Sherry Sims "has refused to turn over all of her text message communications with [Defendant Alan J.] Hanke" and "improperly self-redacted other communications based on her determination of relevance."  Dkt. 282 at 3 ("May 6 Letter").  Plaintiffs also advised that Sims self-redacted the text messages "based on her determination of relevance" without involvement from counsel.  *Id.* at 3-4.  For these reasons, Plaintiffs sought "an order compelling the immediate production of all Ms. Sims's unredacted text messages with Mr.

Hanke." *Id.* at 4. Sims responded in the May 6 Letter that "all requested documents were produced" and "the unproduced messages have absolutely nothing to do with the present case nor are likely to lead to discoverable information." *Id.* at 6. Sims also contended that the information that she redacted in the text messages are "sensitive" to her. *Id.* For these reasons, she proposed "an *in camera* review by the Court for a fair determination of whether or not Ms. Sims should be forced to produce those text messages." *Id.* Plaintiffs opposed Sims's request for such an *in camera* review of the subject text messages. *Id.* at 4, 6.

On May 9, 2022, the Court granted Sims's request for an *in camera* review and directed her to submit to the Court the unredacted text messages, with her proposed redactions highlighted, by May 12, 2022. Dkt. 283 at 8. On May 12, 2022, Sims submitted one set of text messages but requested an extension of time, until May 26, 2022, to submit the remainder of her text messages, Dkt. 284, which the Court granted on May 16, 2022, Dkt. 286. Sims submitted the remainder of her unredacted text messages on May 20, 2022. By the Court's count, Sims proposes redactions of 259 text messages between her and Hanke solely on relevance grounds. Based on the Court's review of those text messages, and for reasons that follow, the Court finds that the text messages must be produced to Plaintiffs in unredacted form in their entirety.

"The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy." *Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (internal quotation marks and citations omitted) (collecting cases); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, Nos. 08 Md. 1945

2

(RJH) (DFE), 08 Civ. 5442 (RJH) (DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context").   Likewise, "unilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where [as is the case here] a protective order is in place allowing the parties to designate that information 'confidential' and restrict its use." *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20 Civ. 5015 (VEC) (BCM), 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022); *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("[R]edactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where . . . a confidentiality stipulation and order . . . is in place.").

A court may, under certain circumstances, permit redactions where there is "a finding of 'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Howell v. City of New York*, No. 06 Civ. 6347 (ERK) (VVP), 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007) (quoting Fed. R. Civ. P. 26(c)(1)). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018) (internal quotation marks omitted). "The burden to show good cause falls on the party seeking a protective order." *Trellian Pty, Ltd. v. adMarketplace, Inc.*, No. 19 Civ. 5939 (JPC) (SLC), 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021).

Having reviewed the text messages in unredacted form, the Court concludes that Sims has not satisfied her burden to show good cause for the redactions.   She does not argue that the

redactions are necessary to protect her from annoyance, embarrassment, oppression, or undue burden or expense, nor do any of the messages appear to present such a risk.  And none of the text messages are to or from Sims's counsel, such that they might implicate any attorney-client or work product privilege.  The Court finds no reason to go against the weight of authority in this Circuit, which holds that parties may not unilaterally redact otherwise discoverable documents for reasons other than privilege.

As mentioned above, Sims only argues relevancy, contending that the redacted text messages "have absolutely nothing to do with the present case nor are likely to lead to discoverable information."  May 6 Letter at 6.  But "[i]t is a rare document that contains only relevant information" and "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information."  *Toussie v. Allstate Ins. Co.*, Nos. 14 Civ. 2705 (FB) (CLP), 15 Civ. 5235 (ARR) (PK), 2017 WL 4773374, at *4 (E.D.N.Y. Oct. 20, 2017) (internal quotation marks omitted).  Moreover, "Plaintiffs are entitled to information, otherwise non-responsive, that *Plaintiffs* reasonably believe place the responsive information in context."  *In re Bystolic Antitrust Litig.*, No. 20 Civ. 5735 (LJL), 2021 WL 878568, at *1 (S.D.N.Y. Mar. 9, 2021).  It cannot be left to Sims's "unfettered discretion" to make that determination.  *Id.*  And while Sims seeks to differentiate text messages from other documents on the basis that "each text message is its own 'document' and that ones that were not sought were not produced (blacked out)," May 6 Letter at 6, this argument does little to advance Sims's position since a single text message, standing alone, is oftentimes meaningless without other messages in the text chain to provide context.  Indeed, the text communications at issue here were exchanged during the relevant time period of Plaintiffs' allegations and were between Sims and Hanke, who are named Defendants in these related actions.  At a minimum, the redacted text messages are

relevant to providing context for the other messages in the text chain between Sims and Hanke that Sims deemed responsive. They are also relevant to assessing the nature of the relationship between Sims and Hanke, their business dealings, and their pattern of conduct.

Furthermore, Sims fails to provide any argument as to why her concerns, including the disclosure of potentially sensitive information in the text messages, cannot be assuaged by the Protective Order entered in this case. *See* Dkt. 91. The Protective Order provides the parties with the option to designate a document "Confidential," if such designation "is necessary to protect the interests of the client," *id.* ¶ 2, or "Highly Confidential – Attorney's Eyes Only," if the producing party "believes in good faith that . . . there is a substantial risk of identifiable harm to the producing Party if particular documents it designates as 'Confidential' are disclosed," *id.* ¶ 7(a). Based on its review of Sims's text messages, the Court finds that the "Confidential" and "Highly Confidential – Attorney's Eyes Only" designations under the parties' Protective Order are sufficient to protect the information at issue here. Nevertheless, should either party desire that the Court fashion additional safeguards to protect such information, they may propose such safeguards for the Court's review and approval.

Accordingly, it is hereby ORDERED that, by June 1, 2022, Defendant Sims shall produce to Plaintiffs the unredacted text messages between her and Defendant Hanke, in their entirety. It is further ORDERED that, by June 6, 2022, Plaintiffs and Defendant Sims shall file a joint letter, advising the Court as to what, if any, discovery disputes remain outstanding between the parties.

SO ORDERED.

Dated: May 26, 2022
　　　New York, New York

_____
JOHN P. CRONAN
United States District Judge