UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :

MOHAMMED THANI A.T. AL THANI,            :

                                   :

                  Plaintiff,           :

                                   :           20 Civ. 4765 (JPC)

      -v-                           :

ALAN J. HANKE *et al*.,                   :

                  Defendants.      :

                                 :
------------------------------------------------------------------------X
                                 :

MARTIN JOHN STEVENS,              :

                                 :

                  Plaintiff,           :

                                 :           20 Civ. 8181 (JPC)

      -v-                           :

ALAN J. HANKE *et al*.,                   :             ORDER

                  Defendants.      :

                                 :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On June 10, 2022, Jeffrey S. Dweck, counsel for Defendant Sherry Sims in Nos. 20 Civ.

4765 (JPC) and 20 Civ. 8181 (JPC), and Defendant Guarantee Investment Trust in No. 20 Civ.

8181 (JPC), filed a renewed motion to withdraw as Sims's counsel. *See* No. 20 Civ. 4765, Dkt.

299; No. 20 Civ. 8181, Dkt. 124.  On June 15, 2022, Mr. Dweck filed a motion to withdraw as

Guarantee Investment Trust's counsel. *See* No. 20 Civ. 8181, Dkt. 127.  The deadline for any

opposition to Mr. Dweck's request to withdraw as counsel for Sims and Guarantee Investment

Trust was June 15, 2022. *See* No. 20 Civ. 4765, Dkt. 294.  Plaintiffs do not oppose Mr. Dweck's

motions to withdraw as counsel, *see* No. 20 Civ. 4765, Dkt. 301, and no party has filed an opposition to Mr. Dweck's motions.

The Court hereby grants Mr. Dweck's requests to withdraw as counsel for Sherry Sims and Guarantee Investment Trust.  Although Sims may proceed *pro se* if she so chooses, Guarantee Investment Trust may not proceed *pro se* and must retain new counsel.  It is well-established in this Circuit that a corporate entity cannot proceed *pro se*, *see Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007), and other courts that have considered the issue have found that a non-attorney trustee cannot represent a trust in court, *see, e.g.*, *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court.  A trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear *pro se* as a nonlawyer." (internal quotation marks omitted)); *Van De Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006) ("Thus, a non-lawyer trustee . . . may not represent a trust *pro se* before this Court."); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se[,] has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007); *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 (E.D.N.Y. 2009).

Accordingly, Guarantee Investment Trust must secure new counsel by July 7, 2022. Failure to do so may result in entry of a default judgment.  If Sims and Guarantee Investment Trust have secured new counsel, new counsel is reminded that it must promptly enter a notice of appearance in these consolidated actions.

Mr. Dweck shall serve a copy of this Order on Sims and Guarantee Investment Trust, and file proof of service on the docket by June 21, 2022.

The Clerk of Court is respectfully directed to close the letter motion pending at No. 20 Civ.

8181, Dkt. 127.

      SO ORDERED.

Dated:  June 16, 2022
        New York, New York

                                      JOHN P. CRONAN
                              United States District Judge