UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED THANI A.T. AL THANI,<br><br>      Plaintiffs,<br><br>-against-<br><br>ALAN J. HANKE, IOLO GLOBAL LLC, SIDNEY MILLS ROGERS III, LAURA ROMEO, AMY ROY-HAEGER, SUBGALLAGHER INVESTMENT TRUST, SHERRY SIMS, AND JOHN DOES 1-100,<br><br>      Defendants. | Case No.: 20 cv 4765 (JPC)<br><br>**DECLARATION**<br>**OF THOMAS H. HERNDON, JR.** |

Thomas H. Herndon, Jr., an attorney duly licensed to practice law in the State of New York and before this Court, under penalties of perjury declares as follows:

1. I am currently a partner at Scarinci Hollenbeck, LLC. I was previously a member of the firm Brooks, Berne & Herndon PLLC, which was renamed Brooks & Berne PLLC ("B&B") after my departure, and which is counsel for the defendants, Alan J. Hanke and IOLO Global LLC ("IOLO" and collectively with Mr. Hanke, the "Hanke Defendants").

2. I submit this Declaration in support of my motion pursuant to Local Civil Rule 1.4 to withdraw as counsel for Hanke Defendants in both the above-captioned action, *Thani A.T. Al Thani v. Hanke et al.*, Case No. 20-cv-4765 (JPC) and the consolidated related action, *Stevens v. Hanke, et al.*, Case No. 20-cv-08181 (collectively, the "Actions")[1].

---

[1] The information contained in this declaration is being provided pursuant to New York Rule of Professional Conduct ("RPC") 1.6(b)(6) in order to demonstrate good cause for withdrawal. If the Court requires additional information in connection with my motion to withdraw, I respectfully request the opportunity to present such information *in camera* in order to preserve the attorney-client privilege. *See* RPC 1.6(b)(6).

3. As detailed below and in the accompanying Memorandum of Law, good cause exists to permit me to withdraw in the Actions because: (i) after my departure from B&B, I was never retained by the Hanke Defendants and they continued to be represented by lawyers from B&B; (ii) the Hanke Defendants are in significant arrears on their obligations to pay legal fees and have been since well before my departure from B&B; and (iii) the recent letter from Plaintiff, Mohammed Thani A.T. Al Thani ("Plaintiff" or "Al Thani") which stated that Plaintiff intends to seek sanctions against me personally based on alleged conduct that occurred during discovery in this matter creates a significant conflict of interest between me and the Hanke Defendants that requires my withdrawal.

### B&B's Representation of the Hanke Defendants

4. In August 2019, I co-founded B&B, where I practiced until June 11, 2021.

5. In or about August 2020, the Hanke Defendants retained B&B to represent them in this action. To the best of my recollection, the Hanke Defendants' engagement agreement was with B&B, not with me personally or any other individual lawyer.[2]

6. On August 4, 2020, I filed a Notice of Appearance in this matter as a member of B&B on behalf of the Hanke Defendants (Dkt. No. 16). In addition to my notice of appearance, Kelechi Ajoku from the B&B firm also filed a notice of appearance on behalf of the Hanke Defendants. (Dkt. No. 22).

### My Efforts To Complete Discovery And The Hanke Defendants' Noncooperation

7. On September 4, 2020, the Court issued a Scheduling Order setting a date for the close of all fact discovery of January 7, 2021 (Dkt. No. 34).

---

[2] As detailed below, after I left B&B, the firm refused to provide me a copy of the file for the representation of the Hanke Defendants. Accordingly, I do not have access to B&B's engagement letter with the Hanke Defendants or any other communications.

8.      After the September 4 Scheduling Order, I worked competently and diligently to move the discovery process forward, including: (i) responding to the Plaintiff's written discovery requests; (ii) working with the Hanke Defendants to identify and collect documents and other electronically stored information (ESI); (iii) retaining and managing a third-party vendor to assist with the document collection and production; and (iv) negotiating with opposing counsel regarding the search parameters for the collection of documents and ESI.

9.      With respect to the collection and production of ESI, after meeting and conferring with Plaintiff's counsel, I coordinated with an e-discovery vendor engaged by the Hanke Defendants to collect and/or access all material data from the sources identified as potentially containing responsive documents, including computers, email accounts, and mobile phones. Based on my negotiations with counsel, I directed the vendor to run the agreed-upon search terms and collect any responsive documents for further review and production.

10.     During our review of the documents, it became clear that B&B would not be able to determine on its own whether the documents were responsive to Plaintiff's discovery requests without input from the Hanke Defendants. Although the Hanke Defendants agreed to assist B&B with its review and identification of the documents, they repeatedly failed to provide the requested information so that we could complete document productions by the agreed-upon deadlines. As a result, I requested several extensions from opposing counsel, to which they agreed. However, as the discovery process continued, the Hanke Defendants became less and less responsive to our requests for information and cooperation and repeatedly failed to meet deadlines so that we could produce documents to Plaintiff.

11.     At the same time, the Hanke Defendants fell far behind on their payment obligations to B&B. By June 2021, the Hanke Defendants owed B&B more than $100,000. Moreover, the third party discovery vendor had threatened to close the document workspace that

was necessary for completing the review and production of documents, because the Hanke Defendants had apparently not paid the vendor.

12. In light of all of these factors, by June 2021 the relationship between B&B and the Hanke Defendants had significantly deteriorated to the point where we were contemplating withdrawal.[3]

13. To be clear, the above recitation is not intended to fully respond to the sanctions motion that Plaintiff intends to file. (*See* Dkt. Nos. 310, 316). If Plaintiff ultimately files that motion, I will respond to the specific allegations at that time. However, I am providing the Court with the above information in order to provide context for my original request for withdrawal given the breakdown in communication with the Hanke Defendants' and their refusal to cooperate in the representation.

### My Initial Motion to Withdraw and the Bankruptcy Stay

14. On June 9, 2021, I filed a letter to the Court requesting a pre-motion conference in advance of my anticipated motion by B&B to withdraw as counsel for the Hanke Defendants. (Dkt. No. 208). In that letter, I advised the Court that B&B's withdrawal was warranted because the Hanke Defendants "failed to meet various obligations . . . that have rendered it unreasonably difficult for [B&B] to carry out its employment effectively." In my letter I cited to: RPC 1.16(c)(5) (permitting withdrawal where client disregards obligation to pay fees or expenses); RPC 1.16(c)(7) (permitting withdrawal where the client "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively"); and RPC 1.16(c)(12) (permitting withdrawal for other good cause).

---

[3] In an effort to preserve client confidential information, this declaration does not include the specifics of our communications with the Hanke Defendants. However, if the Court requires additional information concerning the breakdown in communication between B&B and the Hanke Defendants during the discovery process, I respectfully request the opportunity to submit such documentation *in camera*.

15. On the same day, I filed a letter notifying the Court that Alan Hanke had filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Illinois. (Dkt. No. 210).

16. On June 11, 2021, the Court held a conference to discuss, among other things, my request to withdraw as counsel for the Hanke Defendants. During the Conference, I provided additional detail in support of my anticipated motion to withdraw. Specifically, in addition to the reasons set forth in my June 9, 2021 letter, I also informed the Court that I was leaving B&B, that the Hanke Defendants had not retained my new firm and that I was not able to continue litigating this matter on behalf of the Hanke Defendants. (*See Id* at 16:10-23; 17:8-19). I also stated on the record that, in light of my leaving B&B, I would consult with other members of B&B to determine who would remain as counsel of record for the Hanke Defendants. (*Id*. at 22:6-16).

17. The Court ultimately concluded at the June 11 conference that it could not address my motion to withdraw as to the Hanke Defendants in light of his bankruptcy filings[4] and the automatic stay that resulted.

18. I joined Scarinci Hollenbeck on June 14, 2021. After I left B&B, the Hanke Defendants never retained me individually or through my new firm to represent them in the above action or in any other matter. Given the posture of the Actions and my departure from B&B, it was my understanding that other lawyers from B&B would continue to handle the matter on behalf of the firm or take other appropriate action in the firm's discretion.

19. On September 14, 2021, I received an ECF notification that Richard Berne of B&B had filed a Pre-Motion Letter Request to file a motion to withdraw as counsel for the

---

[4] The morning of the conference I also learned that IOLO Global, one of the other Hanke Defendants, had filed for bankruptcy in the Northern District of Illinois and thus the Court concluded that the automatic stay prevented it from ruling on my motion to that entity as well. (*See* Dkt. 220 at 11:2-12:23).

Hanke Defendants. (Dkt. 227). Mr. Berne's letter cited the Hanke Defendants' lack of cooperation as well as the non-payment of outstanding legal fees as the basis for withdrawal.

20.     On September 21, 2021, I received another ECF notification that Mr. Berne had filed a letter requesting leave to appear as lead counsel to the Hanke Defendants at the conference, and referencing my departure from B&B (Dkt. No. 232).  Mr. Berne's September 21 request was consistent with my understanding that B&B was continuing to represent the Hanke Defendants until formally received by the Court.

21.     On September 23, 2021, the Court granted Mr. Berne's September 21 request. The Memo endorsement stated: "As he appears to be principal trial counsel following Mr. Herndon's departure from Brooks, Berne & Herndon PLLC, Mr. Berne may appear at the September 24, 2021 conference." (Dkt. No. 236).

22.     The Court held a conference on September 27, 2021, at which it denied without prejudice B&B's request to withdraw as counsel for the Hanke Defendants. (*See* Docket Entry dated September 27, 2021).  Given Mr. Berne's request to appear as lead counsel in the matter and the Court's September 23, 2021 order, I did not attend the September 27 conference and understood that B&B had assumed responsibility for the representation of the Hanke Defendants.

### The Post-Bankruptcy Proceedings

23.     On January 20, 2022, Judge Thomas M. Lynch issued an order in the U.S. Bankruptcy Court for the Northern District of Illinois lifting the automatic stay of proceedings against the Hanke Defendants (Dkt. No. 257-1). On February 18, 2022 Plaintiff filed a letter with the Court requesting a status conference to address the ongoing discovery issues with the Hanke Defendants (Dkt. No. 257).  As of the date of Plaintiff's February 18, 2022 letter, I had not been associated with B&B for more than eight months.

24. On February 22, 2022, the Court entered an order directing the parties to meet and confer regarding the outstanding discovery issues, and also stated that that I and Kelechi Ajoku, who was an associate at B&B at that time, were to remain as counsel of record for the Hanke Defendants until further ordered by the Court. (Dkt. No. 258).

25. On the same day, Mr. Berne wrote to the Court on behalf of the Hanke Defendants, stating that they would comply with the Court's order, and joining the Plaintiff's request for a conference for the purpose of renewing B&B's motion to be relieved as counsel (Dkt. No. 259).

26. On February 23, 2022, B&B wrote to the Court advising that they met and conferred on behalf of the Hanke Defendants with Plaintiff, but were unable to agree to a revised scheduling order because they had requested to be relieved as counsel during the automatic stay, and stated their intention to renew their application. (Dkt. No. 260).

27. Also on February 23, 2022, the law firm representing me in connection with my departure from B&B wrote to the Court on my behalf and requested guidance from the Court in connection with its order that I would remain as counsel for the Hanke Defendants given my departure from B&B and my lack of access to any of the case documents, all of which remained with B&B. (Dkt. No. 262).

28. On March 8, 2022, the Court held a status conference, which I attended. At the conference, I again argued that I should not remain in the case as counsel of record for the reasons discussed above, including that I was no longer affiliated with B&B and that I had no relationship with the Hanke Defendants or access to the case materials. I also reiterated that the reasons provided in my June 2021 pre-motion letter requesting withdrawal continued to be valid and justified the court permitting me to withdraw. I also noted that the remaining discovery documents were still with the third-party vendor with whom my current firm had no contractual

engagement. (*See* Transcript of March 8, 2022 hearing ("March 8 Transcript"), annexed hereto as Exhibit 1, at 54:7-17; 56:3-62:24; 69:9-70:6).

29. At the same conference, Mr. Hanke stated that the Hanke Defendants consented to my withdrawal and B&B's withdrawal from the Actions. (*See id.* at 77:24-79:2).

30. The Court denied without prejudice my request to withdraw as counsel for the Hanke Defendants. (Dkt. No. 267), directing the Hanke Defendants and Ms. Sims to comply with their outstanding discovery obligations, and stating that once the defendants have complied with said discovery obligations, I and B&B were permitted to renew our motions to withdraw, and that the Court would be "inclined to grant that motion to withdraw" with respect to counsel for the Hanke Defendants.[5] (Dkt. No. 267; March 8 Transcript at 79:7-14).

**My Efforts to Complete Discovery After the Court's March 8, 2022 Order**

31. In light of the Hanke Defendants' complete lack of cooperation in the review of the documents for production to determine relevance, the Court directed that all non-privileged documents resulting from the applied searches which the parties agreed upon should be produced, subject to a privilege review by counsel – namely, B&B and myself. (*See* March 8 Transcript at 80:7-81:3; 82:12-83:19).

32. In compliance with the Court's Order, I assisted B&B in completing all outstanding discovery. Specifically, I contacted the e-discovery vendor that the Hanke Defendants had retained before the bankruptcy stay. Upon contacting the vendor, I learned that the Hanke Defendants still owed the vendor a significant amount in fees and expenses and that

---

[5] To be clear, the only outstanding discovery obligations with which I was directed to assist were in the , *Thani A.T. Al Thani v. Hanke et al.*, matter. To my knowledge, I have not been ordered to take any action with respect to the *Stevens v. Hanke, et al.* matter, which has been consolidated into the *Al Thani* action. Thus, any order granting my withdrawal should apply as to both cases in the Actions.

the vendor was refusing to release the documents or perform any further work until it received payment.

33. On March 22, 2022, I submitted a status report to the Court regarding my own efforts to complete discovery (Dkt. No. 270). As detailed in this status report, I ultimately paid the discovery vendor $12,000 out of my own funds so that the vendor would release the Hanke Defendants' documents. Before doing so, I requested that B&B split this cost with me, however, the firm did not respond. I therefore paid the entire amount myself in order to comply with the Court's directive. I then performed the privilege review alongside B&B without any compensation.

34. B&B and I then produced documents on behalf of the Hanke Defendants on April 8, May 5, May 6, May 20, and June 13, 2022. The productions included all non-privileged emails, communications, and other ESI captured by the agreed upon searches, as well as accompanying privilege logs.

35. However, notwithstanding my efforts to complete discovery in a timely manner, the process continued to be mired with delays owing to, among other things: (i) the need to collect additional documents from the Hanke Defendants; (ii) demands by the discovery vendor for additional fees to process text messages and WhatsApp messages I had understood were already processed; and (iv) technical issues arising from the direct extraction of communications from Mr. Hanke's mobile phone. (*See* Dkt. Nos. 283, 285, 289).

36. As reflected in the parties' correspondence in April-June of 2022, I worked diligently with the Plaintiff to complete the productions of all outstanding communications. (Dkt. Nos. 272-297, 310).

37. I complied with the Court's orders to the best of my ability, while also maintaining throughout this process my position that under all of the circumstances, I should be allowed to withdraw as counsel. (*See e.g.*, Dkt. Nos. 283, 292, 315).

38. On June 24, 2022, Plaintiff's counsel advised the Court that there were no outstanding discovery disputes with the Hanke Defendants. (Dkt No. 310).

**Plaintiff's Anticipated Motion For Sanctions**

39. In an effort to meet my professional obligations and comply with the Court's orders, I have spent at least one hundred hours of time performing services for a party that I do not currently represent and who has steadfastly refused to pay me or my former firm.

40. Notwithstanding my attempts to work in good faith to complete discovery, on July 18, 2022 Plaintiff informed the court that in addition to seeking sanctions against the Hanke Defendants, Plaintiff also intends to seek sanctions against me personally. (*See* Dkt. No. 316).

41. As a result of the impending sanctions motion, I now have an irreconcilable conflict of interest in any continued representation of the Hanke Defendants that requires my immediate withdrawal. Specifically, in order to defend myself against the sanctions motion, I will necessarily be required to disclose information concerning the Hanke Defendants' lack of cooperation in the representation and their conduct during the discovery process. I will therefore be in a position that is directly adverse to the Hanke Defendants and cannot continue to represent them, especially when they will also be the target of the same sanctions motion that Plaintiff intends to file and will need counsel to respond on their behalf.

42. Should the Court grant my motion to withdraw, I consent to the Court's continued jurisdiction for the purposes of determining any forthcoming motion for sanctions against me by the Plaintiff. As detailed above and in the accompanying memorandum of law, I maintain that good cause exists, and has existed for some time, for my requests to withdraw. In addition,

given the issues that transpired during my representation of the Hanke Defendants and the lengths to which I went to comply with my obligations both to the Court and to the other parties in this action, I maintain that there is no basis for sanctions against me personally .

43.     Finally, as required by Local Civil Rule 1.4, I state that I am not demanding a retaining or charging lien in this action.


Dated: New York, New York
       July 25, 2022

                                          _/s/ Thomas H. Herndon, Jr.___
                                          Thomas H. Herndon, Jr.