```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MOHAMMED THANI A.T. AL THANI,                                      :
                                                                   :
                                Plaintiff,                         :
                                                                   :        20 Civ. 4765 (JPC)
        -v-                                                        :
                                                                   :
ALAN J. HANKE et al.,                                              :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
                                                                   :
MARTIN JOHN STEVENS,                                               :
                                                                   :
                                Plaintiff,                         :
                                                                   :        20 Civ. 8181 (JPC)
        -v-                                                        :
                                                                   :
ALAN J. HANKE et al.,                                              :        ORDER
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Before the Court is Defendant Sherry Sims's motion to dismiss the Amended Complaint, Dkt. 35,[1] for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 96 ("Motion").[2] The Motion was previously stayed as to Sims, first pending bankruptcy

---

[1] "Dkt. __" refers to the docket entries in *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC) (S.D.N.Y.).

[2] In November and December 2020, each Defendant other than Defendant Laura Romeo moved in *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC) (S.D.N.Y.), to dismiss for lack of personal jurisdiction, and Defendants Alan J. Hanke and IOLO Global LLC ("IOLO") also moved to dismiss certain causes of action for failure to state a claim, Defendant Amy Roy-Haeger alternatively moved to transfer venue, and Defendant Sidney Mills Rodgers III alternatively moved to dismiss or stay the claims against him pending arbitration. Dkts. 62-65 (Hanke and IOLO), 82

proceedings which Sims initiated in the United States Bankruptcy Court for the Northern District of Texas, Dkt. 168; *see In re Sherry R. Sims*, No. 21-30476-MLV (Bankr. N.D. Tex.), and then pending jurisdictional discovery, Dkt. 303 at 3. Following that discovery, the Court ordered Plaintiffs to file a supplemental opposition brief by September 9, 2022 and Sims to file a supplemental reply by September 16, 2022. Dkt. 328. While Plaintiffs filed their supplemental opposition as directed, *see* Dkts. 332 ("Supplemental Opposition"), 333, Sims failed to file any supplemental reply. On May 2, 2023—after Sims had failed to file any supplemental reply for over seven months—the Court granted Sims one final opportunity and adjourned her deadline to file a supplemental reply to May 12, 2023. Dkt. 343. Yet Sims once again failed to do so. While appearing to be abandoned, the Court will address the merits of the Motion in light of Sims's *pro se* status.

---

(Roy-Haeger), 96 (Sims and Subgallagher Investment Trust (the "Trust")), 97-99 (Rogers). On May 11, 2021, the Court denied Hanke and IOLO's motion to dismiss in its entirety and ordered jurisdictional discovery as to Roy-Haeger, the Trust, and Rogers. *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 1895033 (S.D.N.Y. May 11, 2021) ("*Al Thani I*"). As noted *infra*, Sims was not part of the jurisdictional discovery ordered in *Al Thani I* because she had filed for bankruptcy prior to the issuance of that Opinion and Order. *Id.* at *1 n.3. Rogers withdrew his motion to dismiss for lack of personal jurisdiction on June 28, 2021, Dkt. 218, and on September 21, 2021, the Court granted Rogers's motion to compel arbitration and stayed the claims against him pending arbitration. *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 4311391 (S.D.N.Y. Sept. 21, 2021). That stay remains in effect. On September 27, 2021, after granting the Trust's former counsel's motion to withdraw, Dkt. 178, the Court denied the Motion as to the Trust without prejudice, because the Trust cannot proceed *pro se* and had failed to obtain new counsel. Sept. 27, 2021 Minute Entry; *see, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007) (explaining that corporate entities, including partnerships, corporations, and limited liability companies cannot appear in federal court *pro se*); *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court. A trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear *pro se* as a nonlawyer." (internal quotation marks omitted)); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se[,]' has no right to represent another entity, i.e., a trust, in a court of the United States."). On February 17, 2022, the Court denied Roy-Haeger's motion to dismiss or to transfer venue. *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2022 WL 489052 (S.D.N.Y. Feb. 17, 2022) ("*Al Thani II*").

The Court finds that personal jurisdiction over Sims is proper pursuant to N.Y. C.P.L.R. section 302(a)(2), which provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state." *Accord Volswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) ("[P]ersonal jurisdiction in a diversity case is determined by the law of the state in which the district court sits."). New York courts have found that, "[f]or purposes of [section 302(a)(2)], a co-conspirator can be an agent" in certain circumstances. *Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593, 605 (App. Div. 1998), *aff'd*, 94 N.Y.2d 43 (1999). "To establish jurisdiction over an out-of-state defendant based on the acts of that defendant's co-conspirator under New York law, a plaintiff must (1) establish a prima facie case of conspiracy, (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy, (3) demonstrate the commission of a tortious act in New York, and (4) demonstrate the requisite agency relationship between the nondomiciliary defendant and the in-state tortfeasor." *Al Thani II*, 2022 WL 489052, at *6 (internal quotation marks omitted). The Court previously found that Plaintiff Mohammed Thani A.T. Al Thani sufficiently alleges the first three of these factors with respect to Sims and Hanke, *Al Thani I*, 2021 WL 1895033, at *10, and so the only issue that remains is whether jurisdictional discovery revealed an agency relationship between Sims and Hanke, *i.e.*, that Hanke acted in New York as an agent of Sims. To establish an agency relationship between Sims and Hanke, Plaintiffs must show that "(a) [Sims] had an awareness of the effects in New York of [her] activity; (b) the activity of [Hanke] was to the benefit of [Sims]; and (c) [Hanke] acted at the direction or under the control or at the request or on behalf of [Sims]." *Al Thani II*, 2022 WL 489052, at *6 (internal quotation marks omitted).

Plaintiffs satisfy the first element of an agency relationship.  Sims testified at her deposition that she was aware that Hanke was in New York at various occasions, including for a meeting with Al Thani's agents on October 28, 2019.  *See, e.g.*, Dkt. 333 ("Hefter Decl."), Exh. A ("Sims Dep. Tr.") at 87:25-88:12 ("[T]here's [sic] various meetings. . . .  I know . . . there was a meeting in New York."), 111:22-12:1 (admitting that she was "aware that on October 28th, Mr. Hanke was traveling to New York"); *see also id.* at 102:3-18 (discussing a trip Hanke took to New York but failing to remember its purpose).  This awareness of Hanke's travel for meetings in New York is further reflected in Sims's text messages with Hanke.  *See* Hefter Decl., Exh. B at 3-4 (May 29, 2019 text message thread during which Sims arranged a call and Hanke informed her that he would "land in la guardia at 9 eastern"), 5-6 (October 27, 2019 text message thread during which Sims asked Hanke, "Any luck on getting the loan??", to which Hanke responded, "No not yet. Going to nyc in the morning. Also group will do the 200m bond against trade. Let me know if you may be interested in that", to which Sims replied, "Yes definitely").  Moreover, in March 2019, Hanke emailed Sims a copy of Al Thani's Management Deposit Agreement, pursuant to which Hanke agreed to invest Al Thani's funds and generate periodic returns.  *See id.*, Exh. D.  That agreement contains a clause stating that Al Thani's deposit "will be insured by IOLTA Surety provided by the State (New York)," *id.*, Exh. D, Attachment 1, ¶ 5.2, thus reflecting Sims's awareness of Hanke's "intent to rely on the laws of the State of New York and to benefit from the state's reputation."  *Al Thani I*, 2021 WL 1895033, at *7.

Plaintiffs have also demonstrated the second element—that Sims benefitted from Hanke's tortious conduct.  Jurisdictional discovery has revealed evidence of both Sims and the Trust[3]

---

[3] The Amended Complaint alleges that Sims, "at all relevant times, was the grantor and beneficiary of [the Trust] and the day to day manager of [the Trust]."  Dkt. 108 ¶ 14.  Because

receiving payments for procuring the fraudulent bonds to support Hanke's scheme. Specifically, Sims admitted during her deposition that the Trust was prepaid a 2.5% fee for issuing the allegedly fraudulent bonds to Hanke. Sims Dep. Tr. at 50:16-52:8 (admitting that Hanke paid the Trust $250,000 for issuing him $10 million in bonds and $125,000 for issuing $5 million in bonds). Sims also admitted that she pocketed some of the fees issued to the Trust to pay for personal expenses. *See, e.g.*, *id.* at 57:11-13 ("Q. And of that, did you take home any money out of . . . those funds? A. I'm sure there was some that I did."), 58:10-16 (characterizing the Trust's fees as partially her "personal funds" and admitting that she used them to pay for "gas, water, electric, car" expenses).

Finally, Plaintiffs have satisfied the third element, control, by pointing to evidence showing that Hanke and Sims essentially functioned as a joint venture. *See Al Thani I*, 2021 WL 1895033, at *13 (noting that "the degree of control . . . can be met, for instance, by participation in a joint venture or partnership"). "A joint venture is a special combination of two or more persons where in some specific venture a profit is jointly sought." *Gramercy Equities Corp. v. Dumont*, 531 N.E.2d 629, 632 (N.Y. 1988) (internal quotation marks omitted). Emails between Hanke and Sims show that Hanke asked Sims to be his "Surety Provider"—*i.e.*, to provide bonds to investors which he would source. Hefter Decl., Exh. C. Sims also testified that in running the Trust, she never actively solicited business but would instead rely on "agents" to bring her deals, conduct diligence, and prepare bonds for her to issue. Sims Dep. Tr. at 10:14-13:18, 50:8-15. Jurisdictional discovery

---

Plaintiffs have demonstrated that Sims dominated and controlled the Trust to such an extent that the Trust can be considered Sims's alter ego, *see* Supplemental Opposition at 4-5, the Trust's contacts may be imputed to Sims for the purposes of a personal jurisdiction analysis. *See, e.g.*, *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 437 (S.D.N.Y. 2020) ("[I]f a court finds that one corporation is the *alter ego* of another, it may disregard the corporate form for minimum contacts analysis.").

also suggested that Hanke subsequently did in fact source investments for which Sims issued bonds, and caused money, which Plaintiffs maintain include their funds, to be transferred into the Trust's bank account. *Id.* at 29:11-14, 51:21-52:21; *see also* Dkt. 126 (ledger purportedly showing that Plaintiff Al Thani's funds were used by Hanke to pay for the Trust's bonds); Hefter Decl., Exhs. C (email in which Hanke provided Sims with a sample bond and supporting contacts for her use), E (email in which Sims confirmed with Hanke regarding how to "correctly" invoice bonds for him).

Accordingly, Plaintiffs have met all three of the requirements for the Court to find that it has personal jurisdiction over Sims under section 302(a)(2).[4] Sims's motion to dismiss the Amended Complaint for lack of personal jurisdiction is therefore denied.

SO ORDERED.

Dated: June 27, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[4] Since personal jurisdiction over Sims comports with New York's long arm statute, personal jurisdiction over her also comports with due process. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018) (describing New York's long arm statute as "consonant with the due process principle that a defendant must have purposefully availed itself of the privilege of doing business in the forum" (internal quotation marks omitted)); *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met."). Moreover, as with Roy-Haeger, Sims has not demonstrated that the Court's exercise of jurisdiction over her would be unreasonable. Any inconvenience that Sims may face in having to litigate Plaintiffs' claims against her in New York is outweighed by New York's interest in adjudicating tortious activity that occurred in the state and Plaintiffs' interest in pursuing a single lawsuit against all Defendants in their chosen forum rather than having to commence separate lawsuits in different states. *See Al Thani II*, 2022 WL 489052, at *9.