# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Michael C. Hefter**  Direct Dial: **+1 212 210-9037**  Email: **Michael.hefter@alston.com**

September 29, 2023

Hon. John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

Re:   *Thani A.T. Al Thani v. Hanke, et al.*, No. 20-cv-4765 (JPC)

Dear Judge Cronan,

I write on behalf of Plaintiff Mohammed Thani A.T. Al Thani ("Plaintiff") pursuant to the Court's Individual Rule 4(B) to request leave to file Exhibit 1 to the Affidavit of Michael C. Hefter. In Compliance With The Opinion and Order, September 6, 2023, (the "Hefter Affidavit") filed contemporaneously with the instant letter. We sought the consent of Defendants Alan Hanke and IOLO Global LLC (the "Hanke Defendants") to the filing of Exhibit 1 under seal via email on September 28, 2023, but did not receive a response.

The Hefter Affidavit is submitted in compliance with the Court's September 6, 2023 Order ("September 6 Order") partially granting Plaintiff's motion for sanctions against the Hanke Defendants for noncompliance with the Court's discovery orders during the periods of November 30, 2020 – February 16, 2021 and May 24, 2021 – June 9, 2021. The Court directed Plaintiff to submit an affidavit "with supporting documentation setting forth with specificity all such reasonable incremental costs and fees," which should "clearly indicate whether any costs and fees sought relate to work that applied to seeking discovery compliance from both the Hanke Defendants and other Defendants, and provide a detailed breakdown of such work." (September 6 Order at 32 n.11.)

Exhibit 1 contains the Hogan Lovells US LLP ("Hogan Lovells") billing statements for the relevant periods. These invoices reflect work performed on myriad matters related to the prosecution of this case, and the representation of Mr. Al-Thani generally as it applies to Defendants' fraudulent scheme. Among other things, the work performed during the relevant time period related to Defendants' motions to dismiss and related bankruptcy filings. In other words, the work performed was not confined to the discovery matters at issue. This information is irrelevant to the instant submission and protected from disclosure by the attorney-client privilege and work product protection. *See, e.g., Bretillot v. Burrow*, 2015 U.S. Dist. LEXIS 121336, at *64-65 (S.D.N.Y. June 30, 2015) ("We also readily accept . . . that the attorney-client privilege protects [an attorney's] billing records."). As such, Plaintiff has filed under seal the portions of Exhibit 1 that reference

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

September 29, 2023
Page 2

work performed by Hogan Lovells unrelated to the work that incurred the fees and expenses that Plaintiff seeks to recover under the September 6 Order. Pursuant to the Court's Individual Rule 4(B)(ii), Plaintiff will submit an unredacted copy of Exhibit 1 to the Court via email, highlighting the redacted materials.

Sincerely,

*/s/ Michael Hefter*

Michael C. Hefter

Plaintiff's request to redact portions of Exhibit 1 to the Affidavit of Michael Hefner in Compliance with the Opinion and Order, September 7, 2023 is granted.

SO ORDERED.
October 4, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge