UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MOHAMMED THANI A.T. AL THANI,                                          :
:
　　　　　　　　　Plaintiff,                                             :
:
　　　　-v-                                                              :　　20 Civ. 4765 (JPC)
:
ALAN J. HANKE *et al.*,                                                :
:
　　　　　　　　　Defendants.                                            :
:
-----------------------------------------------------------------------X
:
MARTIN JOHN STEVENS,                                                   :
:
　　　　　　　　　Plaintiff,                                             :
:
　　　　-v-                                                              :　　20 Civ. 8181 (JPC)
:
ALAN J. HANKE *et al.*,                                                :
:　　　　ORDER
　　　　　　　　　Defendants.                                            :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

　　On September 21, 2021, the Court compelled arbitration of Plaintiff Mohammed Thani A.T. Al Thani's ("Al Thani") claims against Sidney Mills Rogers III ("Rogers"), and stayed those same claims pending arbitration. 20 Civ. 4765, Dkt. 231. Then on October 26, 2021, the Court "so ordered" a stipulation between Plaintiff Martin John Stevens ("Stevens") and Rogers, pursuant to which Stevens's claims against Rogers were stayed pending arbitration in accordance with and to the full extent set forth in the Court's September 21, 2021 Order. 20 Civ. 8181, Dkt. 95. After learning that no arbitration had been initiated within three years of those Orders, on October 14, 2024, the Court ordered Al Thani and Stevens to initiate arbitration of their claims against Rogers within thirty days—*i.e.*, by November 13, 2024. 20 Civ. 4765, Dkt. 416; 20 Civ. 8181, Dkt. 177.

The Court warned that "[f]ailure to initiate arbitration within thirty days could result in dismissal of Plaintiffs' claims against Rogers with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41." 20 Civ. 4765, Dkt. 416; 20 Civ. 8181, Dkt. 177.

On November 18, 2024, the parties submitted a joint status letter in each case, stating that, as that date, "[n]either Plaintiff ha[d] initiated an arbitration proceeding in connection with his alleged claims against [Rogers]." 20 Civ. 4765, Dkt. 419 at 1; 20 Civ. 818, Dkt. 181 at 1. The next day, the Court ordered Al Thani and Stevens to show cause why their claims against Rogers should not be dismissed with prejudice, warning that, "[i]f Plaintiffs fail to submit a response by November 25, 2024, the Court will dismiss their claims against Rogers with prejudice, without further notice."[1] 20 Civ. 4765, Dkt. 420; 20 Civ. 8181, Dkt. 182. Al Thani and Stevens filed a joint letter on November 25, 2024, in which they stated that "Plaintiffs do not intend to pursue their claims against [Rogers] via arbitration." 20 Civ. 4765, Dkt. 421; 20 Civ. 8181, Dkt. 183.

When, as here, a plaintiff has failed to prosecute his case or to comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest

---

[1] The Court stated that, "[i]n the alternative, Plaintiffs may, by that same date, submit proof to the Court that they have commenced arbitration of their claims against Rogers in accordance with the Court's October 14 Order." 20 Civ. 4765, Dkt. 420; 20 Civ. 8181, Dkt. 182.

in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535.  In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record."  *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

Here, the five factors point toward dismissing Plaintiffs' claims against Rogers with prejudice.  *See Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488, at *1-3 (S.D.N.Y. July 25, 2016) (dismissing case with prejudice when the plaintiffs "failed to pursue arbitration in the more than three years that have passed since [the court's] order compelling arbitration" and "confirmed on the record . . . that they have no intention of ever pursuing arbitration"), *aff'd*, 706 F. App'x 30 (2d Cir. 2017); *Dhaliwal v. Mallinckrodt PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at *2 (S.D.N.Y. Sept. 2, 2020) (dismissing action with prejudice when "it ha[d] been nearly a year since [the court's] Opinion & Order granting Defendants' motion to compel arbitration" and when the "Plaintiff ha[d] not commenced arbitration, nor . . . demonstrated any intent to commence arbitration"); *Ventoso v. Shihara*, No. 19 Civ. 3589 (PAE), 2022 WL 19706, at *2 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice when the plaintiff failed to arbitrate within two and a half years of order compelling arbitration).

First, Plaintiffs have failed to commence arbitration despite more than three years having passed since the Court first compelled arbitration of Al Thani's claims against Rogers and "so ordered" the stipulation between Stevens and Rogers.  Not only have Plaintiffs not commenced arbitration in that time, Al Thani and Stevens recently confirmed to the Court that they do not intend on arbitrating their claims.  *See* 20 Civ. 4765, Dkt. 421; 20 Civ. 8181, Dkt. 183.  Second, Plaintiffs were clearly on notice that failure to commence arbitration could result in dismissal with prejudice of their claims against Rogers.  In the October 14 Order, the Court ordered Plaintiffs to

3

initiate arbitration and warned that failure to do so "could result in dismissal of Plaintiffs' claims against Rogers with prejudice for failure to prosecute." 20 Civ. 4765, Dkt. 416; 20 Civ. 8181, Dkt. 177. And after learning that Al Thani and Stevens failed to comply with that Order by initiating arbitration, the Court ordered them to show cause why those claims should not be dismissed with prejudice and warned that a failure to respond would result in the Court "dismiss[ing] their claims against Rogers *with prejudice*, without further notice." 20 Civ. 4765, Dkt. 420 (emphasis added); 20 Civ. 8181, Dkt. 182 (emphasis added). In response to this warning, Plaintiffs confirmed that they do not intend to pursue arbitration of their claims against Rogers. *See* 20 Civ. 4765, Dkt. 421; 20 Civ. 8181, Dkt. 183. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable"—like the delay here. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). Rogers is "also prejudiced by the fact that the litigation remains pending against [him] without any likelihood of resolution in light of Plaintiff[s'] refusal to pursue arbitration." *Dhaliwal*, 2020 WL 5236942, at *2. Fourth, Plaintiffs have had a full and fair opportunity to be heard, and responded to the November 19 order to show cause by briefly stating that they would not be pursuing arbitration as the Court previously had ordered. *See* 20 Civ. 4765, Dkt. 421; 20 Civ. 8181, Dkt. 183. And fifth, the Court finds that lesser sanctions, such as monetary sanctions, would not suffice, as Al Thani and Stevens have made it explicitly clear that they do not intend to comply with the Court's order to initiate arbitration.

Accordingly, Hanke's claims against Rogers in No. 20 Civ. 4765 and Stevens's claims against Rogers in No. 20 Civ. 8181 are dismissed with prejudice.

SO ORDERED.

Dated: November 29, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

4