UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMMED THANI A.T. AL THANI,                    :
                                                 :
                        Plaintiff,               :
                                                 :          20 Civ. 4765 (JPC)
            -v-                                   :
                                                 :
ALAN J. HANKE *et al*.,                          :
                                                 :
                        Defendants.              :
                                                 :
------------------------------------------------------------------X
                                                 :
MARTIN JOHN STEVENS,                             :
                                                 :
                        Plaintiff,               :
                                                 :          20 Civ. 8181 (JPC)
            -v-                                   :
                                                 :
ALAN J. HANKE *et al*.,                          :          ORDER
                                                 :
                        Defendants.              :
                                                 :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Defendant Alan J. Hanke and Defendant Sherry Sims in this matter for the following reasons.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement in civil cases that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to request *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint"

counsel in a civil case, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to request *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Hanke and Sims have represented to the Court that they are unable to employ counsel, qualifying as indigent. As for Hanke's and Sims's defenses, the Court finds that their "position[s] seem[] likely to be of substance" for all the reasons elucidated in the Court's prior opinion on summary judgment. *Hodge*, 802 F.2d 61; *see Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2024

WL 4265196 (S.D.N.Y. Sept. 23, 2024).  As detailed in that opinion, Plaintiffs' claims may well "turn on [issues of] credibility" involving Plaintiffs' and Defendants' testimony.  *Hodges*, 802 F.2d at 61.  Additionally, as also illustrated in that opinion, Plaintiffs' claims present several overlapping and complex legal issues, which would hamper Hanke's and Sims's ability to present their case.  *Id.* at 61-62.  Both of these factors weigh especially strongly in favor of requesting *pro bono* representation.

The Court thus requests *pro bono* counsel to represent Hanke and Sims in this matter.  The Court advises Hanke and Sims that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Hanke and/or Sims.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact Hanke and/or Sims directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Hanke and Sims should be prepared to proceed with the case *pro se*.  Of course, if an attorney offers to take the case, it is entirely Hanke's and/or Sims's decision whether to retain that attorney or not.

No deadlines previously set by the Court are altered by this Order.

Counsel for Al Thani shall mail a copy of this Order to Hanke and shall email a copy of this Order to Sims, and shall file proof of such service on the docket no later than July 11, 2025.

SO ORDERED.

Dated: July 8, 2025
   New York, New York

_____
JOHN P. CRONAN
United States District Judge