UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MOHAMMED THANI A.T. AL THANI,                         :
:
                Plaintiff,            :
:
    -v-                                              :        20 Civ. 4765 (JPC)
:
ALAN J. HANKE *et al*.,                                  :
:
                Defendants.          :
:
-----------------------------------------------------------------------X
:
MARTIN JOHN STEVENS,                                  :
:
                Plaintiff,            :
:
    -v-                                              :        20 Civ. 8181 (JPC)
:
ALAN J. HANKE *et al*.,                                  :        <u>ORDER</u>
:
                Defendants.          :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      As discussed at yesterday's conference, the trial is scheduled to begin in this matter on January 12, 2026. If Defendant Amy Roy-Haeger would like the Court to attempt to locate *pro bono* counsel to represent her, she must file a letter so informing the Court by September 17, 2025. Otherwise, the Court will assume she does not desire that the Court to attempt to find counsel for her.

      Should she submit a letter requesting counsel, Ms. Roy-Haeger must explain why she is "unable to afford counsel" within the meaning of the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1). Even if she satisfies this threshold, there is no requirement in civil cases that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.

1986). Instead, the courts have "broad discretion" when deciding whether to request *pro bono* representation. *Id.* A court also has no authority to "appoint" counsel in a civil case, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Because courts do not have funds to pay counsel in civil matters, they must request *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Regardless of whether the Court requests *pro bono* counsel for Ms. Roy-Haeger, and regardless of whether any counsel ultimately volunteers to take on her representation, the trial will proceed on January 12, 2026. All parties should be prepared for trial to commence on that date.

SO ORDERED.

Dated: September 11, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge