UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
:
MOHAMMED THANI A.T. AL THANI,                                       :
:
                 Plaintiff,                       :
:
        -v-                                       :     20 Civ. 4765 (JPC)
:
ALAN J. HANKE, *et al.*,                                            :
:
                Defendants.                      :
:
--------------------------------------------------------------------X
:
MARTIN JOHN STEVENS,                                               :
:
                 Plaintiff,                       :
:
        -v-                                       :     20 Civ. 8181 (JPC)
:
ALAN J. HANKE, *et al.*,                                            :
:     OPINION AND ORDER
                Defendants.                      :
:
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

     The Court grants in part and denies in part Defendants Allan J. Hanke and Amy Roy-Haeger's joint motion to compel depositions, *see* Dkt. 481.[1]

     Defendants' request to compel Samuel Miginnis to sit for a deposition of eight hours and twenty minutes is denied. While absent agreement, a deposition typically "is limited to 1 day of 7 hours," a "court must allow additional time [for a deposition] . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the

---

[1] All docket citations herein refer to the docket in *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC) (S.D.N.Y.).

examination." Fed. R. Civ. P. 30(d)(1). But such allowances of additional deposition time also must be consistent with Federal Rule of Civil Procedure 26(b)(2), which, among other things, requires a court to consider whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Although the Court gave solicitude to Defendants' prior *pro se* status in allowing a limited re-opening discovery, *see* Dkt. 467 at 21, Defendants had ample opportunity to gather evidence throughout the long discovery period in this litigation.

The Court, however, grants Defendants' request to compel Mohammed Thani A.T. Al Thani to sit for a deposition of ten hours and twenty minutes. Due to Al Thani's central role in this case as a Plaintiff, and the fact that multiple Defendants whom he has sued wish to question him, a deposition of longer than seven hours is necessary for a fair examination. Moreover, given the potential importance of Al Thani's testimony, a deposition of ten hours and twenty minutes is warranted notwithstanding the fact that Defendants neglected to take his deposition at an earlier stage of this case while they were proceeding *pro se*.

The Court therefore grants Defendants' request to compel a deposition of ten hours and twenty minutes of Al Thani but denies Defendants' request to compel a deposition of eight hours and twenty minutes of Miginnis. Miginnis's deposition—as well as those of Martin John Stevens and William Slater Vincent—shall last no longer than seven hours. The Clerk of Court is respectfully directed to close Docket Number 481.

SO ORDERED.

Dated: December 4, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge