# CHAFFETZ LINDSEY LLP

1700 BROADWAY, 33RD FLOOR, NEW YORK, NY 10019
MAIN: +1 212 257 6960 | FAX: +1 212 257 6950

R. MATTHEW BURKE, ASSOCIATE
DIRECT: +1 646 481 5925
R.BURKE@CHAFFETZLINDSEY.COM

November 25, 2025

**VIA ECF AND EMAIL**

Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:**   ***Al Thani v. Hanke**, **No. 20-cv-4765; *Stevens v. Hanke*, No. 20-cv-8181 –
> Response to Court Order**

Dear Judge Cronan:

I write in response to the Court's November 24, 2025 Order (4765 ECF No. 475; 8181 ECF No. 231), to advise the Court why it is a more efficient use of the parties' and Court's resources to resolve the narrow issue of Ms. Sims's knowledge of Hanke's fraud now—which is dispositive of Plaintiffs' fraud claims against her[1]—rather than waiting to move for judgment as a matter of law in the midst of trial.

We respectfully submit it would be more efficient to resolve the issue now because if, as we believe is clear, Plaintiffs cannot tender any evidence that Ms. Sims was aware of Hanke's fraud, the Court should dismiss Ms. Sims from the case entirely.  Specifically, in accordance with the Court's November 24, 2025 Order, Ms. Sims will be filing a motion for reconsideration of the summary judgment in Stevens's favor on Count 8 of Stevens's Complaint.  The basis of that motion, as the Court knows, is the General Agreement of Indemnification, which, on its face, makes clear that a fraud (which indisputably occurred) voids GIT's bond and hence eliminates Stevens's Count 8 breach claim (and would logically eliminate Al Thani's Count 3). Elimination of the breach claims, along with the motion we seek to file regarding the fraud claims against Ms. Sims, would result in dismissal of all claims against her and remove her as a defendant.

That, in turn, will significantly streamline the trial by reducing the number of witnesses, limiting the scope of proffered evidence, focusing the jury's attention on the narrower remaining issues, and thereby reducing the risk of jury confusion.  In sum, resolving the issue of Ms. Sims's

---

[1] Counts 4 through 6 of Al Thani's Amended Complaint and Counts 2 through 4 of Stevens's Complaint.

CHAFFETZ LINDSEY LLP

knowledge of Hanke's fraud now, rather than in the middle of the trial, is, we submit, the most efficient way to proceed.

Sincerely,

*/s/ R. Matthew Burke*

R. Matthew Burke

The Court denies Defendant Sherry Sims's renewed request to move to dismiss the claims against her in Counts 4 through 6 of Al Thani's Amended Complaint and Counts 2 through 4 of Stevens's Complaint. The deadlines for motions to dismiss or for summary judgment have long passed. Moreover, even if the Court were to dismiss those claims against Sims, and even if Sims were to prevail in her forthcoming motion for the Court to reconsider its grant of summary judgment to Stevens against Defendant GIT on Count 8 of Stevens's Complaint, Sims would still not be removed as a Defendant in this case. Sims's forthcoming reconsideration motion is for the Court to reconsider its grant of summary judgment to Stevens against GIT—not for the Court to consider whether to grant judgment for Sims against Stevens, and certainly not for whether to grant judgment for Sims against Al Thani on his separate claims for breach of surety bonds. Finally, assuming Sims is correct on the theory of dismissal of these Counts, that would suggest that any additional evidence at trial on those Counts would be minimal. Sims may move for judgment as a matter of law on those Counts after Plaintiffs present evidence at trial. *See* Fed. R. Civ. P. 50(a). Accordingly, the Court will not entertain a motion to dismiss from Sims as to those Counts at this time.

December 4, 2025
SO ORDERED

JOHN P. CRONAN
United States District Judge