UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
MOHAMMED THANI A.T. AL THANI,                                       :
                                                                    :
                                  Plaintiff,                        :
                                                                    :
                -v-                                                 :        20 Civ. 4765 (JPC)
                                                                    :
ALAN J. HANKE *et al.*,                                             :
                                                                    :
                                  Defendants.                       :
                                                                    :
--------------------------------------------------------------------X
                                                                    :
MARTIN JOHN STEVENS,                                                :
                                                                    :
                                  Plaintiff,                        :
                                                                    :
                -v-                                                 :        20 Civ. 8181 (JPC)
                                                                    :
ALAN J. HANKE *et al.*,                                             :        ORDER
                                                                    :
                                  Defendants.                       :
                                                                    :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 3, 2026, the Court ordered Plaintiffs to seek certificates of default in these consolidated cases no later than February 6, 2026, and file motions for default judgment no later than February 20, 2026. Dkt. 513.[1] Although Plaintiffs sought certificates of default by that deadline, Dkts. 515-517, their proposed certificates of default were later marked as deficient the Clerk of Court, *see* February 11, 2026 Docket Entry. To correct the deficiencies, the Plaintiffs re-submitted their proposed certificates of default. Dkts. 520, 521, 526. The Clerk of Court then

---

[1] All docket citations refer to the docket in *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC) (S.D.N.Y.).

granted Plaintiff Mohammed Thani A.T. Al Thani a certificate of default against Subgallagher Investment Trust ("SGIT"), Dkt. 524, but again marked as deficient Plaintiffs' proposed certificate of default against Defendant IOLO Global Capital LLC ("IOLO"), *see* February 20, 2026 Docket Entry, and did not act on Plaintiff Martin John Stevens's proposed certificate of default against Guarantee Investment Trust ("GIT").  As the Clerk of Court explained, Plaintiffs' proposed certificate of default against IOLO was still deficient because it indicated that IOLO "has not filed an answer," Dkt. 520, which is not accurate.

Due to the difficulty procuring a certificate of default, Stevens moved for an extension of time to file his motion for a default judgment against GIT on February 20, 2026.  Dkt. 525.  Also on February 20, 2026, Al Thani moved for a default judgment against IOLO and SGIT.  Dkt. 529. The next day, Stevens moved for a default judgment against IOLO.  Dkt. 534.  Other than affidavits of service and a copy of Al Thani's Amended Complaint, Plaintiffs did not attach any exhibits in support of their motions.

By March 3, 2026, Plaintiffs must submit a revised proposed certificate of default against IOLO indicating that the basis of their motions is IOLO's failure to retain counsel after its prior counsel withdrew—not IOLO's failure to respond to the Complaint.  By that same date, the Clerk of Court should review Stevens's proposed certificate of default against GIT.

No later than March 10, 2026, Plaintiffs may also submit additional briefs in support of their motions for a default judgment.  The Court reminds Plaintiffs that on the posture of a motion for a default judgment, a district court "need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  Given the complexity of this case, the Court urges Plaintiffs to submit memoranda of law that discusses why the well-pleaded allegations satisfy the elements of the causes of action for which they seek relief.

2

Moreover, "[a]lthough a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages, which must be established in a separate evidentiary proceeding." *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).

After all certificates of default have been issued by the Clerk of Court and any additional briefs, declarations, exhibits, or other submissions have been filed, Plaintiffs must re-serve all supporting documents on Defendants in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and Practices for Civil Cases. Proof of such service must be filed no later than March 17, 2026. The Clerk of Court is respectfully directed to review the proposed certificate of default filed at Docket Number 526 and to close Docket Number 525.

SO ORDERED.

Dated: February 24, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3