UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                               :

MOHAMMED THANI A.T. AL THANI,        :

                   Plaintiff,       :

        -v-               :        20 Civ. 4765 (JPC)

                               :

ALAN J. HANKE, *et al*.,            :        <u>OPINION AND ORDER</u>

                               :

                 Defendants.     :

                               :

-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Mohammed Thani A.T. Al Thani moves pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b) for entry of default judgment against Defendants IOLO Global LLC ("IOLO") and Subgallagher Investment Trust ("SGIT"). For the reasons that follow, the motion is granted in part and denied in part.

## I. Background

The Court assumes familiarity with the facts and procedural history of this case, which were described in the Court's September 23, 2024 Opinion and Order granting in part and denying in part Al Thani's motion for summary judgment. *See Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2024 WL 4265196, at *2-20 (S.D.N.Y. Sept. 23, 2024).

### A. Facts

This case arises from a pair of investment agreements that Al Thani entered into with IOLO in 2019. On March 12, 2019, Al Thani and IOLO executed a Management and Deposit Agreement (the "March MDA"), and on July 29, 2019, they executed a second Management and Deposit Agreement (the "July MDA") (collectively, the "MDAs"). Dkt. 562 ("Hefter DJ Decl."), Exh. D;

*see* Dkt. 383 ("Rule 56.1 Stmt.") ¶¶ 22, 49.  Pursuant to the MDAs, Al Thani agreed to deposit a total of approximately $6.5 million with IOLO—$3 million under the March MDA and $3.5 million under the July MDA.  Hefter DJ Decl., Exh. D.  Al Thani wired the initial $3 million into an Interest on Lawyers' Trust Account ("IOLTA") on March 27, 2019, Dkt. 384 ("Hefter SJ Decl."), Exh. 19; *see* Rule 56.1 Stmt. ¶ 24, and the subsequent $3.5 million into that IOLTA on August 8, 2019, Hefter SJ Decl., Exh. 3; *see* Rule 56.1 Stmt. ¶ 50.

The MDAs required that Al Thani's investments be secured by surety bonds issued by a qualified guarantor.  Hefter DJ Decl., Exh. D; *see* Rule 56.1 Stmt. ¶¶ 22, 45.  SGIT purported to serve that role.  On April 4, 2019, SGIT issued a $3 million surety bond to IOLO (the "April Bond") for Al Thani's benefit.  Hefter DJ Decl., Exh. F at 1-2; *see* Rule 56.1 Stmt. ¶ 25.  Then, on July 25, 2019, SGIT issued a second surety bond (the "July Bond") in the amount of $2.4 million for Al Thani's benefit.  Hefter DJ Decl., Exh. F at 3-4; *see* Rule 56.1 Stmt. ¶ 44.  Both the April and July Bonds provide that, upon IOLO's default and written notice thereof, SGIT is obligated to pay the specified bond amounts to Al Thani.  Hefter DJ Decl., Exh. F.  Al Thani also alleges in his Amended Complaint that "[o]n August 9, 2019, IOLO (through Hanke) procured a surety bond again from SGIT in the amount of $3.5 million."  Dkt. 108 ("Am. Compl.") ¶ 40.  That purported surety bond (the "August Bond") is not part of the record, however.  And aside from alleging that Defendant Alan J. Hanke was the signatory on the "General Agreement of Indemnity" accompanying the August Bond and the identity of the notary, Al Thani does not describe any other terms of the August Bond in his Amended Complaint.  *See generally id.*

IOLO ultimately failed to make any of the required payments to Al Thani.  *Al Thani*, 2024 WL 4265196, at *29.  Al Thani provided written notice of IOLO's default to SGIT and formally demanded payment under the April, July, and August Bonds on April 28, 2020, July 7, 2020, and

August 14, 2020.  Hefter DJ Decl., Exhs. H, I, J.  Despite receiving such notice, SGIT failed to make any payment under the bonds.  Rule 56.1 Stmt. ¶ 118.

### B.  Procedural History

Al Thani commenced this action on June 22, 2020, asserting fraud and related claims.  Dkt. 1.  IOLO and SGIT initially appeared through counsel, but the Court granted SGIT's counsel Jeffrey Dweck's motion to withdraw on April 12, 2021, Dkt. 180, IOLO's counsel Thomas Herndon's motion to withdraw on August 30, 2022, Dkt. 329, and IOLO's other counsel Kelechi Ajoku's motion to withdraw on September 8, 2022, Dkt. 331.  After those withdrawals, neither IOLO nor SGIT retained replacement counsel, even though it is well-established in this Circuit that a corporate entity cannot proceed *pro se*.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007).

The Clerk of the Court issued Certificates of Default for SGIT on February 20, 2026 and for IOLO on March 6, 2026.  Dkts. 524, 547.  Al Thani then moved for default judgment against IOLO and SGIT on March 10, 2026.  Dkts. 548-550.  Both IOLO and SGIT were validly served with the motion on that date, and again on March 17, 2026, in accordance with this District's local rules.  Dkts. 554, 557.  The Court held a hearing on Al Thani's motion on April 9, 2026, at which the Court directed Al Thani to submit a revised proposed default judgment and supporting materials.  *See* Docket Entry, Apr. 9, 2026.  Al Thani filed those materials on May 4, 2026.  Dkts. 561-563.  The Court held another hearing on May 15, 2026, *see* Docket Entry, May 15, 2026, after which Al Thani made another supplemental submission on May 21, 2026, Dkt. 566.  Neither IOLO nor SGIT has responded to Al Thani's motion for default judgment.

## II.  Legal Standard

On a motion for default judgment, a district court must "accept[] as true all of the factual allegations of the complaint" relating to liability, but "need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  Additionally, "a default is not an admission of damages, which must be established in a[n] . . . evidentiary proceeding." *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).  "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory" and "a district court may determine there is sufficient evidence . . . based upon . . . a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

## III.  Discussion

### A.  Liability

The Court previously held that IOLO breached the MDAs by, among other things, failing to make any of the required payments owed to Al Thani.  *Al Thani*, 2024 WL 4265196, at *29. Based on the evidence presented in support of this motion for default judgment, the Court also now determines that SGIT breached the April and July Bonds by failing to pay Al Thani after receiving written notice of IOLO's default on April 28, 2020, July 7, 2020, and August 14, 2020. Hefter DJ Decl., Exhs. H, I, J.

The Court does not find SGIT liable for failing to pay under the August Bond, however. Al Thani's only allegations regarding the August Bond are that "[o]n August 9, 2019, IOLO (through Hanke) procured a surety bond again from SGIT in the amount of $3.5 million," Am. Compl. ¶ 40, that Hanke signed the accompanying indemnity agreement and his apparent co-

habitant notarized it, *id.*, and that "SGIT breached Section 3 of the . . . [August] Bond by failing to pay out on the . . . [August] Bond promptly upon receipt of the notice of default," *id.* ¶ 96.  And although Al Thani submitted to the Court copies of the April and July Bonds, he has not submitted any evidence of the August Bond.  Based upon Al Thani's allegations in the Amended Complaint, it appears that Al Thani claims that he was a party to the August Bond, but even that is not entirely clear.  And most significantly, SGIT's obligations under that agreement certainly have not been presented to the Court.  For example, while the August Bond may have been in the amount of $3.5 million, *see id.* ¶ 40, there is no evidence of what conditions triggered SGIT's obligations to pay under that bond, or when and in what form Al Thani needed to provide notice of such triggering conditions.  On the current record, there is no basis to find SGIT liable for breach of the August Bond.[1]

### B.  Damages

Al Thani seeks to hold IOLO and SGIT jointly and severally liable for $6.5 million in damages.  With regard to IOLO, Al Thani has submitted evidence showing that, pursuant to the MDAs, he wired to IOLO, via the IOLTA, $3 million on March 27, 2019, Hefter SJ Decl., Exh. 19; *see* Rule 56.1 Stmt. ¶ 24, and $3.5 million on August 8, 2019, Hefter SJ Decl., Exh. 3; *see* Rule 56.1 Stmt. ¶ 50.  The Court therefore finds that IOLO's breach of the MDAs caused Al Thani damages of $6.5 million, and IOLO is liable in that amount.  With regard to SGIT's liability, however, the April and July Bonds did not obligate SGIT to pay the full amount Al Thani had

---

[1] To be sure, the letters providing SGIT with written notice of IOLO's default purport to quote various terms common to all three of the surety bond agreements, including the August Bond.  *See* Hefter DJ Decl., Exhs. H, I, J.  In his motion for default judgment, however, Al Thani does not rely on the accuracy of these representations, and the Court is not inclined to rely on them when Al Thani has not submitted direct evidence of the August Bond itself in his motion or supplemental submissions.

wired to IOLO.  While the April Bond obligated SGIT to pay $3 million, the July Bond obligated SGIT to pay only $2.4 million.  Hefter DJ Decl., Exh. F.  The Court therefore holds IOLO and SGIT jointly and severally liable for $5.4 million, and IOLO individually liable for an additional $1.1 million which was not covered by the April and July Bonds.

Additionally, as the Court explained in its summary judgment decision, the MDAs are governed by Wyoming law.  *Al Thani*, 2024 WL 4265196, at *28.  For claims such as the ones here, Wyoming applies an annual prejudgment interest rate of seven percent.  *See* Wyo. Stat. Ann. § 40-14-106(e).  Al Thani also argues, and the Court agrees, that prejudgment interest should begin to accrue on his claims against IOLO starting on June 22, 2020, the date Al Thani commenced this action against IOLO.  Dkt. 566 at 4.  That rate of prejudgment interest and date when such interest began to accrue applies equally to Al Thani's claim against SGIT, because "the very nature of the suretyship relationship . . . provides that a surety's liability to perform under a performance bond is coextensive with that of the principal contractor."  *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 67 (2d Cir. 2004).

## IV.  Conclusion

For the foregoing reasons, Al Thani's motion for default judgment against IOLO and SGIT is granted in part and denied in part.  The Clerk of Court is respectfully directed to enter judgment against IOLO and SGIT, jointly and severally, for $5.4 million, and against IOLO, individually, for an additional $1.1 million.  Prejudgment interest on both amounts should be calculated at a rate of seven percent, beginning on June 22, 2020.  Postjudgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full. The Clerk of Court is respectfully directed to enter judgment on these terms and to close the motions pending at Docket Numbers 529, 534, 548, 551, and 561.  Unless Al Thani makes any

further motion for default judgment with respect to the August Bond within one week of this Opinion and Order, the Court will dismiss all remaining claims and direct that this case be closed.

    SO ORDERED.

Dated: June 1, 2026
      New York, New York

                              JOHN P. CRONAN
                       United States District Judge